**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOSEPH NELUMS,

      *Plaintiff,*

v.

MANDU WELLNESS LLC, AARON
MANDUJAN, BRIAN PATRICK
STICKNEY, and 777 BRANDS LLC,

      *Defendants.*

Civil Case No.: 1:22-cv-828

**DEFENDANTS MANDU WELLNESS
LLC, AARON MANDUJAN, BRIAN
PARTICK STICKNEY, and 777
BRANDS LLC'S**

**NOTICE OF REMOVAL**

TO:    The Clerk of the Court
       U.S. District Court
       District of New Mexico
       Pete V. Domenici U.S. Courthouse
       333 Lomas Blvd NW, Suite 270
       Albuquerque, NM 87102

      **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a), and 1446,

will full reservation of all defenses, Defendants, Mandu Wellness LLC, Aaron Mandujan, Brian

Patrick Stickney, and 777 Brands LLC, hereby jointly remove the above-entitled civil action, and

all claims and causes of action therein, from the Twelfth Judicial District Court, Lincoln County,

New Mexico, to the United States District Court for the District of New Mexico.  In support of

this Notice of Removal, Defendants state as follows:

      **I.**     **THE REMOVED CASE**

      1.     On February 4, 2022, Plaintiff Joseph Nelums ("Plaintiff") filed a complaint (the

"Original Complaint") alleging violations of the Telephone Consumer Protection Act, 47 U.S.C.

§§ 227, *et seq.* ("TCPA") and the New Mexico Unfair Practices Act ("UPA"), NMSA §§ 57-12-

1, *et seq.* in the County of Lincoln, New Mexico, Twelfth Judicial District Court, entitled *Joseph Nelums v. Alpha State Fulfillment Center*, Case No. D-1226-CV-2022-00019.

2.      The Original Complaint named a single defendant, Alpha State Fulfillment Center.

3.      On September 23, 2022, Plaintiff filed an Amended Complaint alleging violations of the TCPA and UPA against Defendants, Mandu Wellness LLC, Aaron Mandujan, Brian Patrick Stickney, and 777 Brands LLC (collectively, "Defendants").  The Amended Complaint dropped the defendant, Alpha State Fulfillment Center.

4.      Defendants were served with copies of the Summons and Amended Complaint on October 4, 2022.  A true and correct copy of the Summons and Amended Complaint is attached hereto as Exhibit "A."

5.      In the Amended Complaint, Plaintiff alleges that on unidentified dates, through unidentified third parties, Defendants sent text messages to Plaintiff's cell phone regarding the Alpha State male enhancement support product ("Product").  *See* Ex. "A," ¶ 33.

6.      Plaintiff alleges that he followed the instructions in the text messages to purchase the Product.  *Id.* at ¶ 38.

7.      Plaintiff alleges that the text messages violated the TCPA, the FTC's Telemarketing Sales Rule (the "TSR"), and/or the UPA because, according to Plaintiff, Defendants or their agents used an auto-dialer and Plaintiff's cell phone is listed in the National Do-Not-Call Registry.  *Id.* at ¶¶ 55, 61, 69.

8.      Plaintiff's Amended Complaint includes a Request for Class Certification in which Plaintiff proposes to represent a nationwide class of persons. *Id.* at ¶ 74.

9.       As all procedural and substantive requirements related to the removal of this action have been performed or otherwise satisfied, as reflected below, Defendants now timely remove this action to this Court.

10.      Defendants all agree and consent to the removal of this action to this Court.

## II.      BASIS FOR FEDERAL JURISDICITON

11.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446.

12.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

13.      This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, as this Court has federal question jurisdiction over all claims and actions arising under the "Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.

14.      Plaintiff's Amended Complaint asserts violation of a federal law, namely the TCPA. *See* Ex. "A," ¶¶ 67-71.  Accordingly, this Court has federal question jurisdiction over this action. *See Mims v. Arrow Financial Services LLC*, 565 U.S. 368, 366-86 (2012) (holding that federal district courts have jurisdiction over TCPA claims because such claims "arise[ ] under" the laws of the United States).

15.      This Court also has supplemental jurisdiction over Plaintiff's state law UPA claim because such claim is so related to the TCPA claim over which the Court has original jurisdiction that it forms part of the same case or controversy under Article III of Constitution. *See* 28 U.S.C. § 1367.

### III.    DEFENDANTS SATISFIED ALL THE PROCEDURAL REQUIREMENTS FOR REMOVAL

16.    This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after service of the Summons and Complaint on Defendants on October 4, 2022.

17.    The Removed Case is properly removed to the United States District Court for the District of New Mexico, which is "the district and division embracing the place where [the] action is pending."  28 U.S.C. § 1441(a).

18.    In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendants in the state court action are attached to this Notice of Removal as Exhibit "A."

19.    A copy of the docket in the state court action is attached to this Notice of Removal as Exhibit "B."  Copies of the state court proceedings are attached as Exhibit "C."

20.    Pursuant to Local Rule 81.1, Defendants will file copies of any additional records and proceedings from the state court within twenty-eight (28) days after the filing of this Notice of Removal.

21.    Pursuant to 28 U.S.C. § 1446(a), Defendants will promptly file a Notice of Filing of Notice of Removal, along with a copy of the Notice of Removal, with the Clerk for the Twelfth Judicial District Court, Lincoln County, New Mexico, and will serve written notice of same on Plaintiff's counsel.

22.    If any question arises at to the propriety of the removal of this action, Defendants request the opportunity to brief any disputed issues and to present oral argument in support of their position that this case is properly removable.

23.     Defendants hereby reserve all rights to assert any defense or affirmative matter, including, without limitations, motions to dismiss pursuant to Fed. R. Civ. P. 12, as well as to amend or supplement this Notice of Removal.

WHEREFORE, the matter now pending in the Twelfth Judicial District Court, Lincoln County, New Mexico, captioned *Joseph Nelums v. Mandu Wellness LLC et al.*, Case No. D-1226-CV-2022-19, is hereby removed to the United States District Court for the District of New Mexico.

DATED this 2nd day of November, 2022

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI LLP**


By:     */s/ Kenneth J. Ferguson*
            Kenneth J. Ferguson
            State Bar No. 3780
            512-582-6472
            kferguson@grsm.com

901 South Mopac Expressway
Building 1, Suite 480
Austin, Texas 78746
Phone:  (512) 391-0197
Fax:  (512) 391-0183

*Attorneys for Defendants*
*Mandu Wellness LLC, Aaron Mandujan,*
*Brian Patrick Stickney, and 777 Brands LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this November 2, 2022, a true and correct copy of the foregoing Notice of Removal was served on the following counsel of record *via* email and first class mail:

> Sid Childress
> 1925 Aspen Dr. #600A
> Santa Fe, NM 87505
> childresslaw@hotmail.com
> *Attorney for Plaintiff*

By: */s/ Kenneth J. Ferguson*
       Kenneth J. Ferguson