# EXHIBIT A



| SUMMONS ON FIRST AMENDED COMPLAINT | |
|---|---|
| **Twelfth Judicial District Court**<br>Lincoln County, New Mexico<br>PO Box 725<br>Carrizozo, NM 88301<br>**Court Telephone:** (575) 648 - 2432 | Case Number: D-1226-CV-2022-00019<br><br>Judge: Daniel A. Bryant |
| Plaintiff: Joseph Nelums<br>v.<br><br>Defendants: Mandu Wellness LLC,<br>Aaron Mandujan, Brian Patrick Stickney<br>and 777 Brands LLC | Defendant name:<br> MANDU WELLNESS LLC<br><br>Address: c/o your registered agent Law 4<br>Small Business PC at 320 Gold SW #620,<br>Albuquerque, NM 87102 c/o Donald<br>Kochersberger |

### TO THE ABOVE NAMED DEFENDANT: Take notice that:

1.  A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.  You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.

3.  You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.  If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.  You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.  If you need an interpreter, you must ask for one in writing.

7.  You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Carrizozo, New Mexico, this _____26_____ day of September, 2022

CLERK OF COURT
AUDREY HUKARI

By /s/ Yazmin Helmick
     Deputy

/s/ Sid Childress
_____
Sid Childress, Lawyer
1925 Aspen Dr. #600A
Santa Fe, NM 87505
505-433-9823 / childresslaw@hotmail.com
Attorney for Plaintiffs

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
9/26/2022 11:28 AM
AUDREY HUKARI
CLERK OF THE COURT
Yazmin Helmick

IN THE TWELFTH JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF LINCOLN

JOSEPH NELUMS

                    Plaintiff(s),

vs.

ALPHA STATE FULFILMENT CENTER

                    Defendant(s).

No. **D-1226-CV-**2022-19

**Judge Daniel A Bryant**
Division III

## ORDER REQUIRING COMPLETION OF SCHEDULING FORM

**IT IS ORDERED:**

A.    Plaintiff shall serve a copy of this order on each defendant with the summons and complaint and file a certificate of such service. *Rule 1–005.*

B.    Within ninety (90) days after service of the complaint is completed, the parties shall confer and are encouraged to file a Joint Scheduling Form.

C.    Parties of record shall complete and file the scheduling conference form *(attached)* and submit a copy to the assigned judge. If the parties cannot agree on the scheduling deadlines, counsel of record shall request a Rule 1-016(B) scheduling conference.

D.    The Court will draft a Scheduling Order from the stipulated scheduling form and/or after the Rule 1-016(B) scheduling conference hearing.

E.    Any party who enters the case after the scheduling order has been filed and cannot abide by the scheduling deadlines, shall contact counsel/parties of record and either submit an amended scheduling order or request a Rule 1-016(B) scheduling conference hearing.

DANIEL A BRYANT
DISTRICT JUDGE, DIVISION III

22 Delivered with the Summons to Plaintiff this _____ 26 day of _____ SEPTEMBER _____,
20_____.



AUDREY HUKARI

Court Administrator


/s/ Yazmin Helmick

By: _____

DEPUTY COURT CLERK

# SCHEDULING CONFERENCE FORM

JOSEPH NELUMS

                    Plaintiff(s),

vs.                                          No. **D-1226-CV-** 2022-19
                                             **Judge Daniel a Bryant**
ALPHA STATE FULFILMENT CENTER                Division III

                    Defendant(s).

Date of discussions: _____

Counsel for Plaintiff(s): _____

Counsel for Defendants(s): _____

Joinder of parties and amendment of pleadings:    Deadline _____

___    There is no need to join additional parties.

___    There is no need for further amendment of the pleadings.

___    Motions addressed to the pleadings:    Deadline _____

*Plaintiff's lay witness list shall be exchanged:    Deadline _____

*Defendant's lay witness list shall be exchanged:    Deadline _____

*Plaintiff's expert witness list shall be exchanged:    Deadline _____

*Defendant's expert witness list shall be exchanged:    Deadline _____

        Discovery will be complete by:    Deadline _____

___    Discovery is complete.

All motions, except for motions in limine, shall be
filed by:                                           Deadline _____

___    There is no need for further Motions.

Parties will conduct a Settlement Conference on the following date: _____

___    A settlement facilitator is (requested) (not requested).

Name of settlement facilitator _____.

*Exhibit list shall be filed by:                   Deadline _____

*Specific objections to other parties's proposed exhibits
by:                                                 Deadline _____

Plaintiffs shall submit their portions of a pretrial order to
defendants by:                                      Deadline _____

Defendants shall file the proposed final pretrial order with
the court by:                                       Deadline _____

Parties shall file a final witness list by:         Deadline _____
Final witness list shall list "will call" and "may call"

Pre-Trial Conference needed: Yes _____ No _____

Proposed Jury Instructions shall be due to the Court by:   Deadline _____

Proposed Findings of Fact and Conclusions of Law by:       Deadline _____

Motions in limine shall be filed by:                Deadline _____

Amount of time needed for Trial on the Merits:      _____days

___Non-Jury            ___6 Person Jury            ___12 Person Jury

_____          _____
Counsel for Plaintiff(s)                  Counsel for Defendant(s)

Dates contained in paragraphs of this form marked with an asterisk (*) may be modified by written
agreement of all parties, without court approval. Only the court, for good cause, may change other
dates.

FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
9/23/2022 2:16 PM
AUDREY HUKARI
CLERK OF THE COURT
Yazmin Helmick

STATE OF NEW MEXICO
LINCOLN COUNTY
TWELFTH JUDICIAL DISTRICT COURT

JOSEPH NELUMS,

        Plaintiff,

v.                               case no.  D-1226-CV-2022-00019

MANDU WELLNESS LLC, AARON MANDUJAN,
BRIAN PATRICK STICKNEY and 777 BRANDS LLC,

        Defendants.

### FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE
### UNFAIR PRACTICES ACT AND THE TELEPHONE CONSUMER PROTECTION ACT

TO THE HONORABLE COURT:

1.    Plaintiff Joseph Nelums ("Plaintiff") is a real person who may be contacted through his undersigned attorney.

2.    Plaintiff brings this action in accordance with the New Mexico Unfair Practices Act ("the UPA") and pursuant to the federal Telephone Consumer Protection Act ("the TCPA"), a federal statute enacted in 1991 in response to widespread outrage about the proliferation of intrusive, nuisance telemarketing. A text message is "a call" within the meaning of the TCPA.

3.    The TCPA is intended to protect consumer privacy by prohibiting certain unsolicited and/or autodialed telemarketing calls including texts, and to provide for transparency by requiring that callers identify themselves and who they are calling for during their solicitations. The UPA is of similar design.

4.       The TCPA and the FTC's Telemarketing Sales Rule ("the TSR") established the National Do-Not-Call Registry ("the Registry").   The Registry allows people to list their telephone numbers and thereby indicate their instructions to NOT receive telephone solicitations.    See www.donotcall.gov

5.       Telemarketers are required by law to subscribe to and comply with the Registry.  NMSA § 57-12-22(C)(1);  47 U.S.C. § 227(C)(3)(F-G);  16 C.F.R. Part 310;  47 C.F.R. § 64.1200(c).

### Jurisdiction and Venue

6.       Venue is proper because Plaintiff and his telephone were in the State of New Mexico at the time of the illegal telemarketing the subject of this Complaint that Defendants and/or their agents harassed him with, and  Plaintiff resides in Lincoln County.   This Court has subject matter jurisdiction.  *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7.       Defendants do business within New Mexico because Defendants or their agents regularly, automatically, repeatedly text message the phones of New Mexicans located within New Mexico for the purpose of advertising products and services.  Defendants directly authorized, approved, controlled, ratified and/or participated in a conspiracy to telemarket the **ALPHA STATE "male enhancement support" product** throughout the State of New Mexico and nationwide using text messages,  but without subscribing to or complying with the Registry.

8.       By directing or controlling telemarketing phone calls into the forum state, Defendants made themselves subject to the specific personal jurisdiction of the courts of the forum state.

9.       Defendants control or ratify standardized telemarketing that targets consumers nationwide, including the telemarketing the subject of this Complaint.  Some of Defendant's telemarketing is purposefully directed into the State of New Mexico at New Mexico residents, but it is all the same

2

standardized telemarketing that is directed by Defendant into every part of the United States. As a result of Defendants' nationally standardized telemarketing the subject of this Complaint, Plaintiff suffered the concrete harms and injuries from that telemarketing, within the State of New Mexico, for which the TCPA and the UPA provide remedies.

### Defendants and their Unlawful Telemarketing conspiracy

10.     At all times material to this Complaint, acting alone or in concert with others, Defendants formulated, directed, controlled, had the authority to control, ratified and/or substantially participated in the unlawful acts and practices the subject of this Complaint.

11.     Defendant Mandu Wellness LLC ("MANDU" or "Defendants") is a New Mexico company that may be served a Summons by service on its registered agent Law 4 Small Business PC at 320 Gold SW #620, Albuquerque, NM 87102 c/o Donald Kochersberger.

12.     Defendant  Aaron Mandujan  ("Mandujan" or "Defendants") is a real person California resident who may be served a Summons at 10674 Sellers Cir., Stockton, CA 95209 or wherever he may be located.

13.     Defendant 777 Brands LLC ("**777**" or "Defendants") is a Texas company that may be served a Summons by service on its manager Brian Patrick Stickney at 208 Stanford Dr., Bedford, TX 76021.

14.     Defendant  Brian Patrick Stickney  ("**Stickney**" or "Defendants") is a real person Texas resident who may be served a Summons at 208 Stanford Dr., Bedford, TX 76021 or wherever he may be located.

15.     Defendants are all Sellers of the product Plaintiff purchased as set forth below, which Plaintiff purchased for the sole purpose of identifying the persons who unlawfully solicited him.

3

16.     Stickney has created a network of inter-related companies all dominated and controlled by him, and designed so that different companies can be used to perform distinct tasks required to be conducted for the sale of the ALPHA STATE "male enhancement support" product by telemarketing. These tasks include for example without limitation making the product, packaging the product, fulfillment services, accounting billing and payment processing, recruiting third-party telemarketers, compensating the marketers, and administering charge-back and refund claims. The other Defendants in this Amended Complaint are among this group of companies inter-related by common ownership and control.

17.     Stickney controls and directs the marketing of the ALPHA STATE "male enhancement support" product in part by controlling and directing the content of various websites that are used both to promote sales of the product and to recruit sales agents. At the times of the unlawful telephone solicitations to Plaintiff at issue in this Complaint one such website that depicted the product and promoted its sales was www.buyalphastate.com    Stickney dominates and controls the owner, proprietor and operator of that internet domain - 777. Stickney uses 777 to control and promote the sale of various products by telemarketing.

18.     Using 777 to do so, Stickney approves and controls contracts and agreements for telemarketing of the ALPHA STATE "male enhancement support" product and authorizes and controls payments to the persons who make the actual telephone solicitations. Stickney controls and approves standardized telemarketing text messages and sales pitches directed at consumers including that to Plaintiff as described below.

19.     Mandu and Mandujan agreed for consideration to be direct sellers or marketers of the ALPHA STATE "male enhancement support" product, for Stickney and 777.    Mandujan is

4

Mandu's sole member, manager and/or employee and he totally dominates and controls Mandu as his alter ego.

20. Defendants recruit agents to actually send text-messages that promote and sell their product. The text-messages present consumers with web-based internet links consumers can follow to landing pages where they can buy the product. The text-messages and internet links are designed and controlled by Defendants so that, if a consumer purchases, based on where the purchase came from (such as the IP address) Stickney and 777 can identify the agent that gets a commission from 777 for the sale.

21. Stickney has implemented and controls an operating system that can track sales of various products by telemarketing, whereby the actual telemarketers involved will be incentivized to market because they know they will receive commissions on sales.

22. Defendants give their third-party telemarketing affiliates access to Defendants' internal operating systems, for use by the affiliates in making sales for Defendants, so Defendants can engage in sales-tracking and know which particular affiliate is owed a commission for any given sale. Consequently, Defendants also are made aware which affiliates are generating numerous sales within short time-periods, so numerous and in so short a time period that it puts Defendants on notice particular affiliates commenced a telemarketing campaign that requires compliance with the TCPA and the TSR. Moreover, when Stickney and 777 contract with particular marketers, they have conversations with the marketers pursuant to which they are informed how particular marketers will sell the products.

23. All the while engaging in "affiliate" marketing they know involves telemarketing, Defendants do not subscribe to or comply with the Registry as required by 47 C.F.R. § 64.1200(**c**).

5

24.    All the while engaging in the foregoing conduct, Defendants have failed to adopt and implement the business policies and practices required by 47 C.F.R. § 64.1200**(d)**.

25.    It is well-known and commonly understood within the marketing industry that mass automated telemarketing without the expense of compliance with the TCPA and the TSR, is generally more cost-effective and efficient to produce sales than is purely internet-advertising sales, for the type of product being marketed by Defendants, if the marketers are able to avoid litigation expenses.

26.    Defendants, at the same time that they control, direct, supervise and implement telemarketing including that unlawfully directed at Plaintiff and into the State of New Mexico as described below, do not require any of their marketers ("affiliates") to subscribe to or comply with the Registry.    Defendants consciously avoid knowing whether any affiliate subscribes to or complies with the Registry.    Defendants consciously avoid knowing whether any affiliate complies with 47 C.F.R. § 64.1200**(d)**.

27.    Telemarketing to phone numbers listed on the Registry results in consumer complaints. As a means of identifying defendants so they can make complaints about unlawful telemarketing, some consumers buy a caller's products being tele-marketed.    Then when the product shows up these consumers identify and locate a seller and complain to it about the unlawful telemarketing that prompted them to make the purchase.

28.    Based also on the numbers of consumer complaints to and about their telemarketers, Defendants had an actual awareness or should have had an actual awareness that their agents actually making or initiating the telephone solicitations, including the text-messages to Plaintiff

6

described below, telephone people who object to the calls, to people who did not consent to them, and to people whose telephone numbers are listed on the Registry.

29.    Stickney and 777 also operate and control a customer-service call-center that is disclosed to purchasers of their products, the main purpose of which is to handle consumer charge-back and refund claims.   As a result of these claims made to their call-center, Stickney and 777 also learn how various products are being marketed and they learn which of their various affiliates are responsible for particular sales.

30.    Minimal oversight by Defendants would have confirmed for them that the telemarketing done on Defendants' behalf was done without complying with the TCPA or the TSR.

31.    Defendants gave and continued to give substantial assistance or support to their affiliates and themselves while knowing, consciously avoiding knowing or being recklessly indifferent to the fact that they are all engaged in acts or practices that violate the TCPA and the TSR.

**the Illegal Phone Calls to Plaintiff and a class of others  Defendants are Responsible For**

32.    Plaintiff's telephone is a wireless or cell phone assigned the number 210-710-7926. Plaintiff uses this phone and number for his personal, household and residential purposes.

33.    Within the past twelve (12) months Defendants conspired with their affiliates as part of their common enterprise to repeatedly cause text message telephone solicitations to be initiated and directed to Plaintiff's cell phone.   These text messages were indecent, obscene and designed to arouse the viewer's prurient interest in Defendants' ALPHA STATE "male enhancement support" product.

34.    The text messages to Plaintiff were part of a mass-marketing scheme by Defendants where the same standardized sales messaging was directed to consumers nationwide using lead-lists of

7

many phone numbers. Defendants' agents periodically upload the lead lists into technology that then at pre-planned times blasts the texts out throughout the telephone communications network of the United States, automatedly, to all phone numbers on the list.

35.    Defendants and their agents used an automatic telephone dialing system ("auto-dialer") to send their text messages to Plaintiff. The texts presented a standardized pre-scripted message to Plaintiff, not directed to Plaintiff in particular but to everyone who received the texts.

36.    Because it is standardized telemarketing done on an automated basis with list-dialing, not directed to any particular person in particular but rather to numerous phone numbers as a group, Defendants also directed their pornographic or obscene texts to children. Children received Defendants' text-message telephone solicitations.

37.    Defendants know their telephone solicitation advertising is targeted to cell-phones because Defendants rely on smart-phone or internet-connected devices for interested consumers to access the text-linked landing pages where they can buy Defendants' products.

38.    To identify Defendants and directly connect them to the unlawful text messages, Plaintiff followed the instructions in Defendants' text messages to Plaintiff to view more advertising. Plaintiff then used Defendants' web-page advertisements in the manner Defendants designed and intended the web-page to be used, and purchased the product.

39.    Defendants charged and collected money from Plaintiff, via the ACH technology built into their advertisements and thereafter shipped the ALPHA STATE "male enhancement support" product to Plaintiff from their warehouse.

40.    Plaintiff purchased Defendants' product for the sole and only purpose of identifying Defendants and directly connecting them to the unlawful text-messaging.

8

41.    Defendants' standardized texts Plaintiff received the subject of this case, prior to his purchase, never identified any seller or sponsor of the call and never provided any means for Plaintiff to make a specific do-not-call request.

42.    After Defendants charged Plaintiff money, they shipped him the product. **Exhibit 1** hereto in support of this Complaint is an accurate photo of the bottles and the shipping label on the package Plaintiff received from Defendants.

43.    Defendants go to great lengths to make their true identities and whereabouts difficult to discover.    They do this because they know they are making sales with unlawful telemarketing campaigns.

44.    Defendants go to such lengths to keep their true identities and whereabouts a secret, that they even use fake names and addresses on the shipping labels buyers receive.   Defendants cannot be identified or located at any place named "Fulfillment Center" at any PO Box in Tamp, Florida.

45.    The packaging on Defendants' Alpha State bottles provides no means of identifying or locating Defendants except that the phone number of a customer-service call-center can be located: 833-264-4045.

46.    777 is the end-user assignee of the phone number 833-264-4045.   777 manages the call-center that is reached by 833-264-4045.

47.    Through 777, Stickney controls the phone number and the call-center.

48.    Buyers of Defendants' products can make refund and stop-payment claims by calling Defendants' call-center at 833-264-4045.

49.     Defendants' customer-service representatives who could be reached by calling 833-264-4045, were aware of Plaintiff's purchase of Defendants' product described above and had authority to refund to Plaintiff the purchase price.

50.     However Stickney trains and requires Defendants' customer-service representatives at 833-264-4045 that they may not disclose the true business name or location of the call-center, their own true names or locations, or the true names or whereabouts of any of the Defendants herein, in either in-bound or out-bound calls.   If any particular caller persists in requesting information of this nature, Defendants' customer-service representatives are trained and required by Defendants to just hang up the phone on that caller.

51.     Plaintiff never gave prior express written consent to receive telephone solicitations from Defendants or their agents.

52.     Prior to his purchase of Defendants' ALPHA STATE male enhancement support product Plaintiff never had any prior relationship with Defendants or their agents.

53.     Defendants' telephone solicitations complained of herein aggravated and harrassed Plaintiff, wasted his time, invaded his privacy, disrupted his days, cost him money for electricity to re-charge his phone, and cost him money and this litigation to identify Defendants.

54.     Defendant's conduct set forth herein and directed at Plaintiff in New Mexico along with a nationwide class of other telephone consumers, was deliberate and volitional.

55.     Plaintiff's cell phone number referred to above that Defendants or their agents repeatedly text-solicited, has at all relevant times been continuously listed on the National Do-Not-Call Registry.

56.     For well over 25 years now the FCC has made clear that "the party on whose behalf a
solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and
Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 10 F.C.C. Rcd. 12391, 12397 ¶
13 (1995). *In the Matter of the Joint Petition Filed by Dish Network, LLC,* 28 F.C.C. Rcd. 6574
(2013). *Mohon v. Agentra LLC,* 400 F.Supp.3d 1189, 1226 (D. NM 2019). The FCC has rejected
a narrow view of liability, including the assertion that liability requires a finding of formal agency
and immediate direction and control over the third-party who placed the telemarketing call. *Id.*

57.     The FCC has instructed that defendants may not avoid liability by outsourcing
telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities
> to **unsupervised third parties** would leave consumers in many cases without an effective
> remedy for telemarketing intrusions. This would particularly be so if the telemarketers
> were *judgment proof,* **unidentifiable,** *or located outside the United States, as is often the
> case.* Even where third-party telemarketers are identifiable, solvent, and amenable to
> judgment limiting liability to the telemarketer that physically places the call would make
> enforcement in many cases substantially more expensive and less efficient, since
> consumers (or law enforcement agencies) would be required to sue each marketer
> separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have
> thousands of 'independent' marketers, suing one or a few of them is unlikely to make a
> substantive difference for consumer privacy."

May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).


58.     Defendants are either directly liable for the telephone solicitations at issue because they
made or initiated them, or Defendants are vicariously liable because they:

a)      authorized the texts or caused them to be made;

b)      directly or indirectly controlled the persons who actually made or initiated the texts;

c)      allowed the telemarketers access to information and operating systems within Defendants' control for the purpose of selling goods and services, without which they would not be able to sell;

d)      allowed the telemarketers to enter or provide consumer information into Defendants' sales or operational systems;

e)      approved, wrote, reviewed or participated in developing the telemarketing sales scripts and messages;

f)      Defendants reasonably should have known or consciously avoided knowing that the actual texters and telemarketers were violating the law and Defendants failed to take effective steps within their power to require compliance; OR

g)      Defendants gave substantial assistance or support to their agents while knowing, consciously avoiding knowing, or being recklessly indifferent to the fact that the agents were engaged in acts or practices that violated the TCPA and/or the TSR.

59.    Defendants ratified the unlawful calls to Plaintiff described above because Defendants accepted and intended the benefits to themselves of the telemarketing while knowing or consciously avoiding knowing the calling was unlawful.


## FIRST SET OF CLAIMS FOR RELIEF - UPA Violations

60.    Plaintiff hereby brings this action pursuant to the New Mexico Unfair Practices Act ("the UPA") to recover his statutory damages for each violation of the UPA, for injunctive relief and for his attorney fees. As set forth above Defendants' conduct was knowing and/or willful therefore Plaintiff should be awarded treble his statutory damages.

12

61.    Each call to Plaintiff described above violated NMSA §57-12-22(A).   Plaintiff should be awarded $300 for each of these violations.

62.    The text messages Plaintiff received from Defendants or their agents cause confusion or misunderstanding as to the source of the goods offered in a manner that may, tends to or does deceive or mislead consumers.   Plaintiff was damaged in the amount of money it cost him to buy the product and the expense of this litigation (court costs and attorney fees) to identify and locate the Defendants.   For this violation of the statute by Defendants Plaintiff should be awarded $300 or his costs and attorney fees necessary to identify and locate Defendants, whichever amount is larger.

63.    Defendants have engaged in an unconscionable trade practice because their telemarketing is designed so that, for Defendants to be identified and located, a consumer must purchase the product being marketed.   If the consumer does not buy the product, as a practical matter the consumer cannot enforce any legal remedy the consumer has for unlawful telemarketing.   This practice by Defendants takes advantage of the lack of knowledge, ability or experience of persons to a grossly unfair degree.   Plaintiff should be awarded $300 for this violation of the statute by Defendants.

64.    Each call to Plaintiff from Defendants the subject of this matter was also an actionable unfair, unconscionable or deceptive trade practice because each call violated  § 310.4 of the Telemarketing Sales Rule.

65.    Defendants additionally distinctly violated the UPA because pursuant to 16 C.F.R. §310.3(b):  "It is a deceptive telemarketing act or practice and a violation of this Rule for a person to provide substantial assistance or support to any seller or telemarketer when that person knows

13

or consciously avoids knowing that the seller or telemarketer is engaged in any act or practice that violates §§310.3(a), (c) or (d), or §310.4 of this Rule." Plaintiff should be awarded $300 for this violation of the statute by Defendants.

66.    Plaintiff is likely to be damaged by Defendants' telemarketing in the future. Therefore and in accordance with NMSA §57-12-10A Plaintiff hereby requests Judgment for the following injunctive relief:

-    Order that Defendants shall personally subscribe to and comply with the National Do Not Call Registry at all times, and Defendants shall require proof from their telemarketing agents and lead-generators that Defendants' agents and lead-generators themselves actually subscribe to and comply with the National Do Not Call Registry at all times.

-    Order that Defendants shall train and actually supervise their agents for telemarketing compliance, including the requirement that sellers and sponsors of the calls be adequately identified during the calls themselves.

SECOND SET OF CLAIMS FOR RELIEF  -  Violations of the TCPA's Subsection B

67.    The foregoing acts and omissions of Defendants or their agents constitute multiple violations of 47 U.S.C. § 227(b) and its implementing regulations: use of an auto-dialer to make telephone solicitations to cell phones.

68.    Plaintiff is entitled to and should be awarded against Defendants $500 in damages for each and every violation of the TCPA's Subsection B. Because Defendant's conduct set forth above was knowing and/or willful Plaintiff should be awarded treble damages of $1,500 for each violation.

14

THIRD SET OF CLAIMS FOR RELIEF  -  Violations of the TCPA's Subsection C

69.    Defendants or their agents on Defendant's behalf made telephone solicitations to Plaintiff more than once within 12 months despite the fact his phone number Defendants or their agents called has been continuously listed on the Registry at all relevant times.

70.    For each of Defendants' calls to Plaintiff the subject of this Complaint, Plaintiff should recover up to an additional $1500 for each violation of 47 C.F.R. § 64.1200(c).

71.    Each time Defendants or their agents called Plaintiff, they had also failed to comply with 47 C.F.R. § 64.1200(d).   Plaintiff should recover up to an additional $1500 for each violation of 47 C.F.R. § 64.1200(d).

## Request for Class Certification

72.    Telemarketing campaigns generally place calls or texts to hundreds or thousands of potential customers *en masse*.   Telemarketing cases are uniquely well-suited for class-action treatment.  Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received the illegal telemarketing texts from or on behalf of Defendants.

73.    A class action is consistent with both the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule of Civil Procedure 23.

74.    The class of persons Plaintiff proposes to represent is tentatively defined as:

> All persons within the United States:  (a) Defendants and/or a third party acting on their behalf, made two or more non-emergency telephone solicitation text messages to within a 12-month period;  (b) promoting the ALPHA STATE "male enhancement support" product;  (c) where the phone numbers Defendants or their agents texted had been listed on the National Do No Call Registry for at least 31 days prior to receipt of the text messages

15

by these persons and  (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

75.    The class defined above is identifiable through phone records and phone number databases.

76.    The potential class members number at least in the thousands, since telemarketing campaigns especially if automated make calls to hundreds or thousands of individuals a day. Individual joinder of these persons is impracticable.

77.    Plaintiff is a member of the proposed class.

78.    There are questions of law and fact common to Plaintiff and to the proposed class members, including but not limited to the following:  Whether Defendants made, caused or controlled text message mass-marketing to phone numbers listed on the Registry;  Whether  Plaintiff and the class members are entitled to statutory damages because of Defendants' acts and omissions; Whether Defendants' violations of the TCPA were knowing or willful.

79.    Plaintiff's claims are typical of the claims of class members.  Plaintiff's claims and the claims of the class members arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

80.    Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class-members, he will fairly and adequately protect the interests of the class and its members, and he will be represented by counsel skilled and experienced in both class actions and the trial of individual consumer claims.

81.    Common questions of law and fact predominate over questions affecting only individual class members.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

16

82.    Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

83.    The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

WHEREFORE, Plaintiff prays for entry of judgment for  -   his statutory, actual and/or treble damages sufficient in size to set an example and deter in the future the conduct complained of by Defendants or others.   Plaintiff requests the Court certify the class tentatively defined above and award the class statutory damages plus costs of administration.   Plaintiff requests an award of his attorney fees and costs.   Plaintiff prays for such other and  further relief as the court finds proper including injunctive relief.

RESPECTFULLY SUBMITTED.

By: _____

Sid Childress, Lawyer
1925  Aspen  Dr.  #600A
Santa Fe, NM  87505
childresslaw@hotmail.com
(505) 433 - 9823
Attorney for Plaintiff

17

US POSTAGE & FEES PAID
10 OZ FIRST-CLASS PARCEL RATE
ZONE 7 NO SURCHARGE
ComBasPrice

0625001258440
1533169
FROM 3351

stamps
endicia
01/10/202

## USPS FIRST-CLASS PKG™

Fulfillment Center
PO Box 152693
Tampa FL 33684

0029

SHIP TO:   JOSEPH NELUMS
~~RUIDOSO NM 88345-6114~~

**USPS TRACKING #**

9400 1111 0798 4593 5233 27



FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
9/23/2022 2:16 PM
AUDREY HUKARI
CLERK OF THE COURT
Yazmin Helmick

STATE OF NEW MEXICO
LINCOLN COUNTY
TWELFTH JUDICIAL DISTRICT COURT

JOSEPH NELUMS,

       Plaintiff,

v.                                        case no.  D-1226-CV-2022-00019

MANDU WELLNESS LLC, AARON MANDUJAN,
BRIAN PATRICK STICKNEY and 777 BRANDS LLC,

       Defendants.

## REQUEST FOR JURY

Plaintiff hereby demands trial by 6-person jury

RESPECTFULLY SUBMITTED,

By:    /s/ Sid Childress
_____
Sid Childress, Lawyer
1925 Aspen Dr. #600A
Santa Fe, NM 87505
(505) 433 - 9823
childresslaw@hotmail.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I will cause this document to be served with the Summons to Defendants

/s/ Sid Childress
_____

1





# EXHIBIT B

**D-1226-CV-202200019 - Wednesday, November 2, 2022**

# Joseph Nelums

## v.

# Alpha State Fulfillment Center

## CASE DETAIL

| CASE # | CURRENT JUDGE | FILING DATE | COURT |
|---|---|---|---|
| D-1226-CV-202200019 | Bryant, Daniel A. | 02/04/2022 | CARRIZOZO  District |

## PARTIES TO THIS CASE

| PARTY TYPE | PARTY DESCRIPTION | | PARTY # | PARTY NAME |
|---|---|---|---|---|
| D | Defendant | 1 | | ALPHA STATE FULFILLMENT CENTER |
| P | Plaintiff | 1 | | NELUMS JOSEPH |
| | ATTORNEY: CHILDRESS SIDNEY P. | | | |

## CIVIL COMPLAINT DETAIL

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 02/04/2022 | 1 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Trade Practices Act |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|
| | | |

## REGISTER OF ACTIONS ACTIVITY

| EVENT DATE | EVENT DESCRIPTION | EVENT RESULT | PARTY TYPE | PARTY # | AMOUNT |
|---|---|---|---|---|---|
| 10/15/2022 | PROOF OF SERVICE | | | | |
| | Return of Service on BStickney | | | | |
| 10/15/2022 | PROOF OF SERVICE | | | | |
| | Return of Service on Mandu Wellness | | | | |
| 10/15/2022 | PROOF OF SERVICE | | | | |
| | Return of Service on 777Brands | | | | |
| 10/15/2022 | PROOF OF SERVICE | | | | |
| | Return of Service on Mandujan | | | | |
| 09/26/2022 | | | | | |
| 09/26/2022 | ORD: RULE 16B | | P | 1 | |
| | SCHEDULING/FORM | | | | |
| 09/23/2022 | Jury Additional 6  / Total 12 | | | | |
| | (EF) S150 | | | | |
| 09/23/2022 | AMENDED COMPLAINT | | P | 1 | |
| 07/26/2022 | SUBPOENA RETURNED | | | | |
| | Proof of Service (subpoena to Vonage America LLC) | | | | |
| 03/30/2022 | RETURN OF SERVICE | | | | |
| | Return on Sound Publishing subpoena | | | | |
| 03/30/2022 | RETURN OF SERVICE | | | | |
| | Return on Namecheap subpoena | | | | |
| 03/30/2022 | RETURN OF SERVICE | | | | |
| | Return on Law4SB subpoena | | | | |
| 03/30/2022 | RETURN OF SERVICE | | | | |
| | Return on Mandu subpoena | | | | |
| 02/04/2022 | OPN: COMPLAINT | | P | 1 | |
| | FOR VIOLATIONS OF THE UNFAIR PRACTICES ACT AND THE TELEPHONE CONSUMER PRACTICES | | | | |

## JUDGE ASSIGNMENT HISTORY

| ASSIGNMENT DATE | JUDGE NAME | SEQ # | ASSIGNMENT EVENT DESCRIPTION |
|---|---|---|---|
| 02/04/2022 | Bryant, Daniel A. | 1 | INITIAL ASSIGNMENT |

# EXHIBIT C
## State Court File

| | |
|---|---|
| 02-04-2022 | Plaintiff's Complaint for violations of the Unfair Practices Act and The Telephone Consumer Protection Act |
| 03-30-2022 | Return of Service of Subpoena to Produce Document and Information in a Civil Action to SOUND PUBLISHING |
| 03-30-2022 | Return of Service of Subpoena to Produce Document and Information in a Civil Action to MANDU WELLNESS LCC |
| 03-30-2022 | Return of Service of Subpoena to Produce Document and Information in a Civil Action to NAMECHEAP, INC. |
| 03-30-2022 | Return of Service of Subpoena to Produce Document and Information in a Civil Action to LAW 4 SMALL BUSINESS P.C. |
| 07-26-2022 | Return of Service of Subpoena to Produce Document and Information in a Civil Action to VONAGE AMERICA LCC |
| 09-23-2022 | First Amended Complaint for Violations of the Unfair Practices Act and the Telephone Consumer Protection Act |
| 09-23-2022 | Request for Jury (additional 6 – 12 person jury) |
| 09-26-2022 | Order Requiring Completion of Scheduling Form |
| 10-15-2022 | Return of Service of Summons on First Amended Complaint to 777 BRANDS LLC |
| 10-15-2022 | Return of Service of Summons on First Amended Complaint to MANDU WELLNESS LLC |
| 10-15-2022 | Return of Service of Summons on First Amended Complaint to BRIAN PATRICK STICKNEY |
| 10-15-2022 | Return of Service of Summons on First Amended Complaint to AARON MANDUJAN |
| 10-19-2022 | Defendants' Notice to State Court of Filing of Notice of Removal |

FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
2/4/2022 1:14 PM
AUDREY HUKARI
CLERK OF THE COURT
Dakota D  Crane

STATE OF NEW MEXICO
LINCOLN COUNTY
TWELFTH JUDICIAL DISTRICT COURT

JOSEPH NELUMS,

          Plaintiff,

v.                                                          case no.     D-1226-CV-2022-00019
                                                                         Bryant, Daniel A.

Alpha State Fulfillment Center
and Jane Does 1-10,

          Defendants.

## COMPLAINT FOR VIOLATIONS OF THE UNFAIR PRACTICES ACT
## and THE TELEPHONE CONSUMER PROTECTION ACT

TO THE HONORABLE COURT:

1.     Plaintiff Joseph Nelums ("Plaintiff") is a real person who resides in Lincoln County. He and his phone were in the State of New Mexico at the time of the unlawful marketing the subject of this Complaint. Thus venue is proper. This Complaint is brought per the New Mexico Unfair Practices Act ("the UPA"), the federal Telephone Consumer Protection Act ("the TCPA"), and their privacy requirements about robodialers.[1]

---

[1]. The FCC has defined "robocalls" as "calls that require consumer consent", including "calls made either with an [autodialer] or with a prerecorded or artificial voice". *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Declaratory Ruling and Order released on 7/10/15, 30 FCC Rcd. 7961 ("FCC 15-72"), footnote 1.

2.      The UPA is intended to protect consumer privacy by prohibiting certain unsolicited or other telephone and marketing calls including texts, and to provide for transparency by requiring that telemarketers identify themselves and who they are calling for during the calls.   The TCPA is of similar design.   The TCPA and the FTC's Telemarketing Sales Rule ("the TSR") established the National Do-Not-Call Registry ("the Registry").

3.      The Registry allows people to list their telephone numbers and thereby indicate their instructions to NOT receive telephone solicitations including text messages.   Telemarketers are required by law to subscribe to and comply with the Registry.  NMSA § 57-12-22(C);   47 U.S.C. § 227(C)(3)(F-G);   16 C.F.R. Part 310;   47 C.F.R. § 64.1200(c).

4.      Defendants do business within New Mexico because Defendants or their agents regularly, automatically, repeatedly telephone the phones of New Mexicans located within New Mexico for the purpose of advertising products and services.   Defendants authorized and approved telemarketing to sell products and services throughout the State of New Mexico.  This makes them subject to the personal jurisdiction of the courts where their calls were received.

5.      This Court has subject matter jurisdiction over Plaintiff's federal claims set forth below as well as his state-law claims.  *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740 (2012).

6.      Defendants operate and control standardized telemarketing that targets consumers nationwide, including the telemarketing the subject of this Complaint.   Some of Defendants' telemarketing is purposefully directed into the State of New Mexico at New Mexico residents but it is all the same standardized telemarketing Defendants direct into every part of the United States. As a result of Defendants' telemarketing the subject of this Complaint, Plaintiff suffered the

injuries from that telemarketing, within the State of New Mexico, for which the UPA and TCPA provide remedies.

### the Defendants and their Unlawful Telemarketing

7.      Alpha State Fulfillment Center ("Alpha" or "Defendants") is a text-message marketer that refuses in its marketing to identify itself or where it is located as required by law in its marketing. Alpha is a real person or persons.   Plaintiff requests the Court's process to discover Alpha's true identity and whereabouts so that a Summons can be delivered to it.

8.      Jane Does 1-10 ("Jane Does" or "Defendants") are other real-person text-message marketers who refuse to identify themselves in their marketing.  Their identities and whereabouts will be discovered so that process can be duly served on them.

9.      Defendants use and implement telephone solicitations (text messages) to offer and sell products and services to residential consumers throughout the United States.   All acts and omissions the subject of this Complaint were committed under the supervision or control of the Defendants.

10.      Defendants, at the same time that they direct and control the marketing the subject of this Complaint including that unlawfully directed at Plaintiff and into the State of New Mexico, do not require themselves or their agents to subscribe to or comply with the Registry.  Defendants have not adopted or implemented reasonable policies, practices or training to comply with their legal obligations.

11.      Defendants gave and continue to give substantial assistance or support to each other while knowing, consciously avoiding knowing or being recklessly indifferent to the fact that they are all engaged in acts or practices that violate the UPA, the TCPA and the Telemarketing Sales Rule.

3

**The Illegal Phone Calls to Plaintiff  Defendants are Responsible For**

12.    Plaintiff's telephone is a wireless or cell phone.  Plaintiff uses this phone and its assigned phone number for his personal, household and residential needs.

13.    Within the past twelve (12) months Defendants repeatedly caused text message telephone solicitations to be initiated and directed to Plaintiff's cell phone.

14.    The text messages to Plaintiff are part of a mass-marketing scheme by Defendants where the same standardized sales messaging is directed to consumers nationwide using lead-lists of names and phone numbers.  Defendants or their agents periodically upload the lead lists into technology that then at pre-planned times blasts the texts out throughout the telephone communications network of the United States, automatedly, to all phone numbers on the list. Defendants' marketing scheme is designed and implemented by Defendants in a manner that makes it difficult for any telephone consumer to identify Defendants unless the consumer buys the product Defendants are marketing.

15.    Defendants designed and controlled their text messages to link to internet advertising where the landing pages consumers were directed to, were ever changing landing pages. Consumers could only access a particular internet landing page for a short period of time after the text-message the landing page URL appeared in was received by the consumer.

16.    Defendants' telephone solicitation advertising is targeted to cell-phones because Defendants rely on smart-phone or internet-connected devices for interested consumers to access their internet advertisements directly via the text-messages.

17.    To identify Defendants and directly connect them to the unlawful text messages, Plaintiff followed the instructions in the last of Alpha's indecent text messages to Plaintiff to view

4

advertising for the male enhancement product offered. Plaintiff purchased the product via the internet landing page before the web-page disappeared.

18.    Defendants charged and collected money from Plaintiff, via the ACH technology they built into their website advertisement, and soon thereafter the product was shipped to Plaintiff.

19.    The fulfillment materials Alpha delivered to Plaintiff, like the text messages, similarly do not disclose the true identity or whereabouts of Alpha. For example bogus return or other addresses for Alpha are on the fulfillment materials including the shipping label.

20.    Plaintiff purchased Defendants' product for the sole and only purpose of identifying Defendants and directly connecting them to their unlawful nationwide telemarketing conspiracy.

21.    Plaintiff never gave prior express written consent to receive telephone solicitations from Defendants or their agents.

22.    Prior to his purchase described above Plaintiff never had any prior relationship with Defendants.

23.    Defendants' telephone solicitations complained of herein aggravated and harrassed Plaintiff, wasted his time, invaded his privacy, disrupted his days, cost him money for electricity to re-charge his phone, and cost him money to identify Defendants.

24.    Defendants do not subscribe to or comply with the Registry.

25.    Defendants have not adopted or implemented policies or practices to comply with the TSR or the TCPA.

26.    Defendants do not train or supervise their agents for telemarketing compliance.

27.    Defendants' conduct set forth herein and directed at Plaintiff in New Mexico was knowing, willful, deliberate and volitional.

28.    Plaintiff's cell phone number referred to above that Defendants repeatedly text-solicited, has at all relevant times been continuously listed on the National Do-Not-Call Registry.

## FIRST  SET OF CLAIMS FOR RELIEF  -  UPA Violations

29.    Plaintiff hereby brings this action pursuant to the New Mexico Unfair Practices Act ("the UPA") to recover his statutory damages for each violation of the UPA and his attorney fees.  As set forth above Defendants' conduct was knowing and/or willful therefore Plaintiff is entitled to and should be awarded treble his statutory damages.

30.    Defendants each distinctly violated the UPA because  pursuant to 16 C.F.R. §310.3(b):

> "It is a deceptive telemarketing act or practice and a violation of this Rule for a person to provide substantial assistance or support to any seller or telemarketer when that person knows or consciously avoids knowing that the seller or telemarketer is engaged in any act or practice that violates §§310.3(a), (c) or (d), or §310.4 of this Rule."

31.    Defendants additionally distinctly violated the UPA because they:  caused Defendants or their agents to make the unlawful calls to Plaintiff described above while knowing Defendants and their agents were not subscribing to or complying with the Registry or implementing reasonable policies, practices or training to comply with the TCPA or the Telemarketing Sales Rule.   Despite their knowledge of the same they represented that the calls were authorized.

32.    Defendants each additionally distinctly violated 16 C.F.R. §310.4(b)(1) and the UPA because  they:   required Plaintiff to identify them rather than Defendants properly accurately identifying themselves to Plaintiff during their advertising.

6

SECOND SET OF CLAIMS FOR RELIEF  -  Violations of the TCPA's Subsection C

33.    Defendants or their agents on their behalf made telephone solicitations to Plaintiff more

than once within 12 months despite the fact his phone number Defendants or their agents called

has been continuously listed on the Registry at all relevant times.

34.    For each of Defendants' calls to Plaintiff the subject of this Complaint, Plaintiff should

recover up to an additional $1500 pursuant to 47 U.S.C. § 227(C).

WHEREFORE, Plaintiff prays for entry of judgment for  -    his statutory and/or treble

damages sufficient in size to set an example and deter in the future the conduct complained of by

Defendants or others.    Plaintiff prays for such other and  further relief as the court finds proper.

Plaintiff requests an award of his attorney fees and costs.

RESPECTFULLY  SUBMITTED,

By:    /s/  Sid  Childress

_____
Sid Childress, Lawyer
1925  Aspen  Dr.  #600A
Santa  Fe,  NM  87505
childresslaw@hotmail.com
(505) 433 - 9823
Attorney for Plaintiff

7

FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
3/30/2022 4:02 PM
AUDREY HUKARI
CLERK OF THE COURT
Lisa Willard

STATE OF NEW MEXICO
LINCOLN COUNTY
TWELFTH JUDICIAL DISTRICT COURT

JOSEPH NELUMS,

        Plaintiff,

v.                           case no.  D-1226-CV-2022-00019

Alpha State Fulfillment Center
and Jane Does 1-10,

        Defendants.

## SUBPOENA TO PRODUCE DOCUMENTS
## AND INFORMATION IN A CIVIL ACTION

TO:    SOUND PUBLISHING  INC.  by certified mail, return-receipt requested to c/o Michael Gates at 1800 41ˢᵗ St. #300, Everett, WA 98203;  and by email to mgates@soundpublishing.com

YOU ARE COMMANDED to produce at the time, date and place set forth below the listed documents, electronically stored information or objects:

Documents and Information to be Produced

    Your account records and information sufficient to identify in full and locate the **sponsor** of the Sequim Gazette's review of the attached **Alpha State Male Enhancement Support** product;  including but not limited to  name,  physical address, PO Box address, email address, telephone numbers, account numbers and any other personally identifiable information related to the Alpha State product

    Your account records and information sufficient to identify in full and locate the Seller of the Alpha State Male Enhancement Support product;  including but not limited to  name,  physical address, PO Box address, email address, telephone numbers, account numbers and any other personally identifiable information related to the Alpha State product

ABSENT A COURT ORDER, THE ABOVE DATE SHALL NOT BE LESS THAN FIFTEEN (15) DAYS FROM THE DATE YOU RECEIVED THIS SUBPOENA. UNLESS ORDERED BY THE COURT, DO NOT RESPOND TO THIS SUBPOENA BEFORE THAT DATE.

DO NOT RESPOND TO THIS SUBPOENA FOR PRODUCTION OR INSPECTION IF YOU ARE SERVED WITH WRITTEN OBJECTIONS OR A MOTION TO QUASH UNTIL YOU RECEIVE A COURT ORDER REQUIRING A RESPONSE.

You may comply with this subpoena for production or inspection by providing legible copies of the items requested to be produced by mail or delivery to the attorney whose name appears on this subpoena. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of inspection and copying. You have the right to object to the production pursuant to this subpoena as provided below.

### READ THE SECTION BELOW ENTITLED
### "DUTIES IN RESPONDING TO SUBPOENA."

IF YOU DO NOT COMPLY WITH THIS SUBPOENA you may be held in contempt of court and punished by fine or imprisonment.

SUBPOENA ISSUED BY:

Sid Childress, Lawyer
1925 Aspen Dr. #600A
Santa Fe, NM 87505
(505) 433 - 9823
childresslaw@hotmail.com
Attorney for Plaintiff

On date        -    3/10/22

### RETURN FOR COMPLETION BY PERSON MAKING SERVICE

I affirm on _____, 2022 under penalty of perjury under the laws of the State of New Mexico that the following statements are true and correct: I am over the age of eighteen (18) years and not a party to this lawsuit. On the _____ day of _____, 2022, I served the original of this subpoena on _____ by certified USPS mail, return-receipt requested.

_____
Person making service

**RETURN FOR COMPLETION BY PERSON MAKING SERVICE**

I affirm on _March 30_, 2022 under penalty of perjury under the laws of the State of New Mexico that the following statements are true and correct: I am over the age of eighteen (18) years and not a party to this lawsuit. On the _4_ day of _March_, 2022, I served the original of this subpoena on _Sound Publishing_ by certified USPS mail, return-receipt requested, _copies of Receipts attached_

_____
Person making service

**TO BE PRINTED ON EACH SUBPOENA**

This subpoena must be served on each party in the manner provided by Rule 1-005 NMRA. If service is by a party, an affidavit of service must be used instead of a certificate of service.

A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

If a person's attendance is commanded, one full day's per diem must be tendered with the subpoena, unless the subpoena is issued on behalf of the state or an officer or agency thereof. Mileage must also be tendered at the time of service of the subpoena as provided by the Per Diem and Mileage Act. See Section 38-6-4 NMSA 1978 for per diem and mileage for witnesses. See Paragraph A of Section 10-8-4 NMSA 1978 for per diem and mileage rates for nonsalaried public officers. Payment of per diem and mileage for subpoenas issued by the state is made pursuant to regulations of the Administrative Office of the Courts. See Section 34-9-22 NMSA 1978 for payments from the jury and witness fee fund.

**PROTECTION OF PERSONS SUBJECT
TO SUBPOENAS**

A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undo burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include but is not limited to, lost earnings and a reasonable attorney's fee.

A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

Subject to Subparagraph (2) of Paragraph D below, a person commanded to produce and permit inspection and copying may, within fourteen (14) days after service of the subpoena or before the time specified for compliance if such time is less than fourteen (14) days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises or within fourteen (14) days after service of the subpoena may file a motion to quash the subpoena and serve the motion on all parties to

the action. If an objection is served or a motion to quash is filed and served on the parties, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

  (1)  fails to allow reasonable time for compliance,

  (2)  requires a person who is not a party or an office of a party to travel to a place more than one hundred miles from the place where that person resides, is employed or regularly transacts business in person, except as provided below, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

  (3)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

  (4)  subjects a person to undue burden.

If a subpoena:

  (1)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

  (2)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

  (3)  requires a person who is not a party or an officer of a party in incur substantial expense to travel,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## DUTIES IN RESPONDING TO SUBPOENA

A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

When information subject to subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

A person commanded to produce documents or material or to permit the inspection of premises shall not produce the documents or materials or permit the inspection of the premises if a written objection is served or a motion to quash has been filed with the court until a court order requires their production or inspection.

 

44°F

NATIONAL MARKETPLACE

SPONSORED

# Alpha State Male Enhancement Support Reviews – Legit Pills or Scam?

*January 7, 2022 1:30 am*

    



What is Alpha State Male Enhancement Support?

Get bigger erections with a new male enhancement that's safe & effective, with all-natural ingredients. Alpha State contains everything you need to improve your sex life.

- You'll get the biggest, longest-lasting erections you've ever had, leading to maximum pleasure & intensified orgasms.
- A surge in sex drive & energy – ramps up stamina & staying power
- Increased sexual confidence – experience vitality & peak performance

The fantastic breakthrough formula, Alpha State Male Enhancement, is all-natural and provides powerful support. This is one of the only male enhancement pills available containing clinically-tested ingredients. According to the company bringing you Alpha State, it's the only solution you'll ever need to get maximum-sized erections.

Some even call this the most potent male enhancement supplement ever made, the ultimate problem solver for ED.

1/5

# How Does Alpha State Male Enhancement Support

On the Alpha State website, you can see plenty of testimonies from hundreds of men. These men differ in age, weight and come from every walk of life. According to them, Alpha State Male enhancement pills contributed to them living happier lives, full of more satisfying sex. It's the only product available online that has a unique combination of the following ingredients: Tribulus Terrestris, Saw Palmetto, L-Arginine, and Eurycoma Longifolia Extract into one single and safe, effective compound.

# What Ingredients are In Alpha State Male Enhancement Support

## Tribulus Terrestris Fruit Extract

It is used to elevate testosterone levels in the body. By activating the body's ability to release luteinizing hormone, responsible for the release of TST derived from Leydig Cells found in the testicles. When activated and testosterone is increased, powerful erections occur.

## Saw Palmetto Fruit Extract

One of nature's miracle ingredients, it's used to revitalize the body while upping testosterone levels. The increase in stamina, energy, and vitality, help create an enhanced libido.

## L-Arginine

A powerful precursor, Nitric Oxide, requires this amino acid as a precursor. The amino acid helps by improving blood flow to the genitals. Doing so helps increase the size of the penis to its fullest capacity. It makes a longer and harder erection that occurs more frequently. L-Arginine was first isolated in 1980 from lupine.

## Eurycoma Longifolia Extract

Consisting of the bark and root of Eurycoma Longifolia is used to treat all forms of erectile dysfunction ED. It increases a desire for sex, helps with male infertility, and boosts athletic performance, bodybuilding, reducing body fat.

Regardless of why you want the pills, they work. Men without confidence in their penis size will regain their belief in the bedroom. Some guy at the gym has a bigger penis than you; the pills will help you measure up. Maybe you keep losing partners because of a feeling of inadequacy. That one is probably the most painful reason, leaving men in dread -- feeling hopeless and discouraged. Alpha State Male Enhancement Pills will turn your life around in the bedroom.

# Where Can I Buy Alpha State Male Enhancement Support

You can buy Alpha State directly from the official website. There are several different options when purchasing Alpha State. The prices are as follows:

- Buy One Get One Free: $59.94 per bottle
- Buy Two Get One Free: $53.29 per bottle

- Buy Three Get Two Free:        per bottle

A 30-day money-back guarantee backs Alpha State. Customer service is available for further information via:

- Phone: 1-833-264-4045
- Email: care@buyalphastate.com

# Alpha State Male Enhancement Support in Conclusion

When taking Alpha State Male Enhancement pills, you'll gain from research performed. They figured out how to quickly fill the two chambers during the study, making the penis thicker and harder than ever. The complex range of ingredients in the supplement makes this work so well. The pills cause a massive increase in blood flow, filling the spaces of the corpora cavernosa. After filling two chambers, the major muscle found in the corpora cavernosa helps erections last and stay longer. And once an erection is achieved, it will last hour after hour. The penis will remain hard, thick, and long when you keep eating it. It makes other ED pills look like nothing more than Tic-Tacs. Head over to the official website and try Alpha State today!

RELATED: Drachen Review (Male Growth Activator) Scam or Legit Spray?

*Affiliate Disclosure:*

*The links contained in this product review may result in a small commission if you opt to purchase the product recommended at no additional cost to you. This goes towards supporting our research and editorial team and please know we only recommend high quality products.*

*Disclaimer:*

*Please understand that any advice or guidelines revealed here are not even remotely a substitute for sound medical advice from a licensed healthcare provider. Make sure to consult with a professional physician before making any purchasing decision if you use medications or have concerns following the review details shared above. Individual results may vary as the statements made regarding these products have not been evaluated by the Food and Drug Administration. The efficacy of these products has not been confirmed by FDA-approved research. These products are not intended to diagnose, treat, cure or prevent any disease.*

*The news and editorial staff of Sound Publishing, Inc. had no role in the preparation of this post. The views and opinions expressed in this sponsored post are those of the advertiser and do not reflect those of Sound Publishing, Inc.*

*Sound Publishing, Inc. does not accept liability for any loss or damages caused by the use of any products, nor do we endorse any products posted in our Marketplace.*

---

< Previous
Late start for Sequim schools on Friday

Next >
Legislative session opens Monday; in-person access limited

**Keto Pure Select Reviews – Are Pure Select Keto Pills Worth It or Scam?**

**Hypurformance Keto Reviews – Advanced Diet Pill Formula or Scam?**

**Best Bad Credit Loans: Make Sure to Avoid Cheap Lender Scams!**

**Cannabis workers want longer sentences for robberies**

**Curts CBD Gummies Review – Is Curts Concentrates CBD Scam or Legit?**



**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

Everett, WA

Certified Mail Fee  $3.
Extra Services & Fees  $3.05
☐ Return Receipt (hardcopy)  $0.00
☐ Return Receipt (electronic)  $0.00
☐ Certified Mail Restricted Delivery  $0.00
☐ Adult Signature Required  $0.00
☐ Adult Signature Restricted Delivery
Postage  $0.78
Total Postage and Fees  $7.55

Postmark
Here
MAR 09 2022
03/09/2022

Sent To  SOUND PUBLISHING

7021 2720 0002 0959 6598

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent / ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>Sound Publishing  3/12/22 |
| 1. Article Addressed to:<br>SOUND PUBLISHING<br>C/O CONTROLLER<br>1800 41st ST #300<br>EVERETT, WA 98203 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 7272 1284 7088 68 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Ar<br>7021 2720 0002 0959 6598 | tricted Delivery |

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
3/30/2022 4:02 PM
AUDREY HUKARI
CLERK OF THE COURT
Lisa Willard

STATE OF NEW MEXICO
LINCOLN COUNTY
TWELFTH JUDICIAL DISTRICT COURT

JOSEPH NELUMS,

        Plaintiff,

v.

                                         case no.  D-1226-CV-2022-00019

Alpha State Fulfillment Center
and Jane Does 1-10,

        Defendants.

## SUBPOENA TO PRODUCE DOCUMENTS
## AND INFORMATION IN A CIVIL ACTION

TO:    MANDU WELLNESS LLC  by service on your registered agent Law 4 Small Business P.C.  - c/o

DONALD KOCHERSBERGER or LAURENCE DONAHUE at 320 Gold Ave. SW #600,  Albuquerque,

NM  87102

YOU ARE COMMANDED to produce at the time, date and place set forth below the listed documents,

electronically stored information or objects:

### Documents and Information to be Produced

    Your account records and information sufficient to identify in full and locate the persons or

companies you processed payments for or collected money for on or about January 7, 2022 or January 10,

2022 in connection with sales of the **Alpha State Male Enhancement Support** product;  including but

not limited to  name,  physical address, PO Box address, email address, telephone numbers, account

numbers and any other personally identifiable information related to the Alpha State product

    Your account records and information sufficient to identify in full and locate the Seller of the Alpha

State Male Enhancement Support product;  including but not limited to name,  physical address, PO Box

address, email address, telephone numbers, account numbers and any other personally identifiable information related to the Alpha State product

Attached hereto are true screenshots of the business records of the charges you took or made on or about January 7, 2022 and/or January 10, 2022 in the amounts of approximately $119.88 and $59.99 from the account of Joe Nelums ending in the digits 4436.   Produce your account records and information sufficient to identify in full and locate the persons or companies you processed this payment for or collected this money for in connection with a sale of the **Alpha State Male Enhancement Support** product; including but not limited to  name,  physical address, PO Box address, email address, telephone numbers, account numbers and any other personally identifiable information related to the Alpha State product

Place:                                          Date and Time:

You must produce the requested items for inspection and forward copies of the requested items to Plaintiff's attorney  Sid  Childress  at  1925  Aspen  Dr.  #600A,  Santa  Fe,  NM  87505  or  electronically  via **childresslaw@hotmail.com**, within 15 days of your receipt of this Subpoena.


ABSENT A COURT ORDER, THE ABOVE DATE SHALL NOT BE LESS THAN FIFTEEN (15) DAYS FROM THE DATE YOU RECEIVED THIS SUBPOENA.  UNLESS ORDERED BY THE COURT, DO NOT RESPOND TO THIS SUBPOENA BEFORE THAT DATE.

DO NOT RESPOND TO THIS SUBPOENA FOR PRODUCTION OR INSPECTION IF YOU ARE SERVED WITH WRITTEN OBJECTIONS OR A MOTION TO QUASH UNTIL YOU RECEIVE A COURT ORDER REQUIRING A RESPONSE.

You may comply with this subpoena for production or inspection by providing legible copies of the items requested to be produced by mail or delivery to the attorney whose name appears on this subpoena.  You may condition the preparation of the copies upon the payment in advance of the reasonable cost of inspection and copying. You have the right to object to the production pursuant to this subpoena as provided below.


### READ THE SECTION BELOW  ENTITLED
### "DUTIES IN RESPONDING TO SUBPOENA."

IF YOU DO NOT COMPLY WITH THIS SUBPOENA you may be held in contempt of court and punished by fine or imprisonment.

SUBPOENA ISSUED BY:

Sid Childress, Lawyer
1925 Aspen Dr. #600A
Santa Fe, NM 87505
(505) 433 - 9823
childresslaw@hotmail.com
Attorney for Plaintiff

On date ___ 3 / 9 / 2 2 ___

## RETURN FOR COMPLETION BY PERSON MAKING SERVICE

I affirm on _____, 2022 under penalty of perjury under the laws of the State of New Mexico that the following statements are true and correct:  I am over the age of eighteen (18) years and not a party to this lawsuit.  On the _____ day of _____, 2022, I served the original of this subpoena on _____ by certified USPS mail, return-receipt requested.

_____
Person making service

## TO BE PRINTED ON EACH SUBPOENA

This subpoena must be served on each party in the manner provided by Rule 1-005 NMRA.  If service is by a party, an affidavit of service must be used instead of a certificate of service.

A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

If a person's attendance is commanded, one full day's per diem must be tendered with the subpoena, unless the subpoena is issued on behalf of the state or an officer or agency thereof.  Mileage must also be tendered at the time of service of the subpoena as provided by the Per Diem and Mileage Act.  See Section 38-6-4 NMSA 1978 for per diem and mileage for witnesses.  See Paragraph A of Section 10-8-4 NMSA 1978 for per diem and mileage rates for nonsalaried public officers.  Payment of per diem and mileage for subpoenas issued by the state is made pursuant to regulations of the Administrative Office of the Courts.  See Section 34-9-22 NMSA 1978 for payments from the jury and witness fee fund.

## PROTECTION OF PERSONS SUBJECT
## TO SUBPOENAS

A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undo burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction,

*ALOHA STATE FULFILLMENT CENTER*
*AND JANE DOES 1-10*

## RETURN FOR COMPLETION BY SHERIFF OR DEPUTY

I certify that on the ___ day of _____, 2022, in _____ County, I served this subpoena on _____ by delivering to the person named a copy of the subpoena and a fee of $_____ (insert the amount tendered or, if no fee is tendered, "none")[3].

_____
Deputy sheriff

## RETURN FOR COMPLETION BY OTHER PERSON MAKING SERVICE

I, being duly sworn, on oath say that I am over the age of eighteen (18) years and not a party to this lawsuit, and that on the *14th* day of *MARCH*, 2022, in *Bernalillo* County, I served this subpoena on *RANDU HOLDINGS LLC* by delivering to the person named a copy of the subpoena and a fee of $_____ (insert the amount tendered or, if no fee is tendered, "none")[3].

*To LAURENCE DONAHUE REGISTERED AGENT*

_____  *CRAIG SALAZAR*
Person making service    *SPI*

SUBSCRIBED AND SWORN to before me this *14* day of *March*, 2022.

STATE OF NEW MEXICO
NOTARY PUBLIC
Tonya Salazar
Commission No. 1004602
July 13, 2022

_____ - notary
Judge, notary or other person
authorized to administer oaths

which may include but is not limited to, lost earnings and a reasonable attorney's fee.

A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

Subject to Subparagraph (2) of Paragraph D below, a person commanded to produce and permit inspection and copying may, within fourteen (14) days after service of the subpoena or before the time specified for compliance if such time is less than fourteen (14) days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises or within fourteen (14) days after service of the subpoena may file a motion to quash the subpoena and serve the motion on all parties to the action. If an objection is served or a motion to quash is filed and served on the parties, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:
  (1)  fails to allow reasonable time for compliance,
  (2)  requires a person who is not a party or an officer of a party to travel to a place more than one hundred miles from the place where that person resides, is employed or regularly transacts business in person, except as provided below, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
  (3)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
  (4)  subjects a person to undue burden.

If a subpoena:
  (1)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (2)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (3)  requires a person who is not a party or an officer of a party to incur substantial expense to travel,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.


### DUTIES IN RESPONDING TO SUBPOENA

A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

When information subject to subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

A person commanded to produce documents or material or to permit the inspection of premises shall not produce the documents or materials or permit the inspection of the premises if a written objection is served or a motion to quash has been filed with the court until a court order requires their production or inspection.



**11:12** ✈                                    •• LTE 🔋

← **VIRTUAL WALLET SPEND x7...**

## MANDU WELLNESS CARD#4436

# -$119.88

Jan 7, 2022

*Status: Pending*

*Uncategorized*
*This transaction will be categorized when it's posted.*



MANDU WELLNESS XXXXX0885 NM

# -$119.88

Jan 10, 2022

*Status: Posted*



11:12

← **VIRTUAL WALLET SPEND x7...**

## MANDU WELLNESS CARD#4436

# -$59.99

Jan 7, 2022

Status: Pending

*Uncategorized*

*This transaction will be categorized when it's posted*

**Special Process Investigations, LLC**                    14318
PO Box 1617
Tijeras, New Mexico 87059
Greg (505) 263-0207

# Invoice

| | |
|---|---|
| Bill To: _LAW OFFICE OF SID CHILDRESS_ | Date: _03-14-22_ |
| Address: _1925 ASPEN DR #600 A_ | |
| City: _SANTA FE_  State: _NM_  Zip Code: _87505_ | |
| Process Server: Greg Salazar | Terms: Due upon receipt |

| Case Number | Description | Amount |
|---|---|---|
| D-1226-CV-2022 000019 Subpoena | JOSEPH NELUMS V ALPHA STATE FULFILLMENT CENTER AND JANE DOES 1-10 V MANDU LUCH NESS LLC SERVED - 03-14-22 C/O LAURENCE DONAHUE - REGISTERED AGENT AT 320 GOLD SW 600 ABQ NM 87102 | |
| D-1226-CV-2022 000019 Subpoena | SERVED - 03-14-22 - LAW FOR SMALL BUSINESS PC, C/O LAURENCE DONAHUE REGISTERED AGENT AT 320 GOLD SW ABQ NM 87102 | 65.00 |

☐ Filed In Metro Court

☐ Filed In District Court

Sub-Total _6500_

NM Tax _512_

Total Amount _$7012_

Thank you for choosing Special Process Investigations, we appreciate your business.

FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
3/30/2022 4:02 PM
AUDREY HUKARI
CLERK OF THE COURT
Lisa Willard

STATE OF NEW MEXICO
LINCOLN COUNTY
TWELFTH JUDICIAL DISTRICT COURT

JOSEPH NELUMS,

              Plaintiff,

v.                              case no.  D-1226-CV-2022-00019

Alpha State Fulfillment Center
and Jane Does 1-10,

              Defendants.

## SUBPOENA TO PRODUCE DOCUMENTS
## AND INFORMATION IN A CIVIL ACTION

TO:    NAMECHEAP, INC. by certified mail, return-receipt requested to c/o Legal Department, 4600

E. Washington St. #305, Phoenix, AZ 85034; and by email to legal@namecheap.com

YOU ARE COMMANDED to produce at the time, date and place set forth below the listed documents,

electronically stored information or objects:

### Documents and Information to be Produced

        All Subscriber, User, Owner, Proprietor, Customer or Operator Account Information related to the

Internet domain **www.buyalphastate.com**; including but not limited to name, physical address, PO Box

address, email address, telephone numbers, account numbers and any other personally identifiable

information related to the Internet domain www.buyalphastate.com

Place:                            Date and Time:

You must produce the requested items for inspection and forward copies of the requested items to Plaintiff's

attorney Sid Childress at 1925 Aspen Dr. #600A, Santa Fe, NM 87505 or electronically via

**childresslaw@hotmail.com**, within 15 days of your receipt of this Subpoena.

ABSENT A COURT ORDER, THE ABOVE DATE SHALL NOT BE LESS THAN FIFTEEN (15) DAYS FROM THE DATE YOU RECEIVED THIS SUBPOENA. UNLESS ORDERED BY THE COURT, DO NOT RESPOND TO THIS SUBPOENA BEFORE THAT DATE.

DO NOT RESPOND TO THIS SUBPOENA FOR PRODUCTION OR INSPECTION IF YOU ARE SERVED WITH WRITTEN OBJECTIONS OR A MOTION TO QUASH UNTIL YOU RECEIVE A COURT ORDER REQUIRING A RESPONSE.

You may comply with this subpoena for production or inspection by providing legible copies of the items requested to be produced by mail or delivery to the attorney whose name appears on this subpoena. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of inspection and copying. You have the right to object to the production pursuant to this subpoena as provided below.

### READ THE SECTION BELOW ENTITLED
### "DUTIES IN RESPONDING TO SUBPOENA."

IF YOU DO NOT COMPLY WITH THIS SUBPOENA you may be held in contempt of court and punished by fine or imprisonment.

SUBPOENA ISSUED BY:

Sid Childress, Lawyer
1925 Aspen Dr. #600A
Santa Fe, NM 87505
(505) 433 - 9823
childresslaw@hotmail.com
Attorney for Plaintiff

On date                3/8/22

### RETURN FOR COMPLETION BY PERSON MAKING SERVICE

I affirm on _____ March 30 _____, 2022 under penalty of perjury under the laws of the State of New Mexico that the following statements are true and correct: I am over the age of eighteen (18) years and not a party to this lawsuit. On the _____ day of _____ March _____, 2022, I served the original of this subpoena on _____ NARKCHEAP Inc _____ by certified USPS mail.

return-receipt requested.  *Receipt attached.*

Person making service

## TO BE PRINTED ON EACH SUBPOENA

This subpoena must be served on each party in the manner provided by Rule 1-005 NMRA. If service is by a party, an affidavit of service must be used instead of a certificate of service.

A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

If a person's attendance is commanded, one full day's per diem must be tendered with the subpoena, unless the subpoena is issued on behalf of the state or an officer or agency thereof. Mileage must also be tendered at the time of service of the subpoena as provided by the Per Diem and Mileage Act. See Section 38-6-4 NMSA 1978 for per diem and mileage for witnesses. See Paragraph A of Section 10-8-4 NMSA 1978 for per diem and mileage rates for nonsalaried public officers. Payment of per diem and mileage for subpoenas issued by the state is made pursuant to regulations of the Administrative Office of the Courts. See Section 34-9-22 NMSA 1978 for payments from the jury and witness fee fund.

## PROTECTION OF PERSONS SUBJECT
## TO SUBPOENAS

A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undo burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include but is not limited to, lost earnings and a reasonable attorney's fee.

A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

Subject to Subparagraph (2) of Paragraph D below, a person commanded to produce and permit inspection and copying may, within fourteen (14) days after service of the subpoena or before the time specified for compliance if such time is less than fourteen (14) days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises or within fourteen (14) days after service of the subpoena may file a motion to quash the subpoena and serve the motion on all parties to the action. If an objection is served or a motion to quash is filed and served on the parties, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:
  (1)  fails to allow reasonable time for compliance.

(2) requires a person who is not a party or an office of a party to travel to a place more than one hundred miles from the place where that person resides, is employed or regularly transacts business in person, except as provided below, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(3) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(4) subjects a person to undue burden.

If a subpoena:

(1) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(2) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(3) requires a person who is not a party or an officer of a party to incur substantial expense to travel,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## DUTIES IN RESPONDING TO SUBPOENA

A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of

[... to protection as trial ... n of the nature of the ... g party to contest the ... shall not produce their ... or a motion to quash]

---

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NAMECHEAP
4600 E. WASHINGTON
# 305
PHOENIX, AZ 85034

9590 9402 7272 1284 7088 82

2. Article Number (Transfer from service label)

7021 2720 0002 0959 6604

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  S Dugie    ☒ Agent
              ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
S DUGIE         3-14-23

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature          ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery  ☐ Registered Mail™
☐ Certified Mail®          ☐ Registered Mail Restricted
☐ Certified Mail Restricted Delivery       Delivery
☐ Collect on Delivery      ☐ Signature Confirmation™
☐ Collect on Delivery Restricted D
                           Restricted D

---

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

Phoenix, AZ 85034

Certified Mail Fee  $3.75
$3.75

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $0.00
☐ Return Receipt (electronic)       $0.00
☐ Certified Mail Restricted Delivery $0.00
☐ Adult Signature Required          $0.00
☐ Adult Signature Restricted Delivery $0.00

Postage
$0.58

Total Postage and Fees
$7.38

Sent To   NAMECHEAP

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

MAR 03 2022

03/09/2022

FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
3/30/2022 4:02 PM
AUDREY HUKARI
CLERK OF THE COURT
Lisa Willard

STATE OF NEW MEXICO
LINCOLN COUNTY
TWELFTH JUDICIAL DISTRICT COURT

JOSEPH NELUMS,

        Plaintiff,

v.                              case no.  D-1226-CV-2022-00019

Alpha State Fulfillment Center
and Jane Does 1-10,

        Defendants.

## SUBPOENA TO PRODUCE DOCUMENTS
## AND INFORMATION IN A CIVIL ACTION

TO:    LAW 4 SMALL BUSINESS P.C. c/o DONALD KOCHERSBERGER or LAURENCE

DONAHUE at 320 Gold Ave. SW #600, Albuquerque, NM 87102

YOU ARE COMMANDED to produce at the time, date and place set forth below the listed documents,

electronically stored information or objects:

Documents and Information to be Produced

        Your account records and information sufficient to identify in full and locate the organizers,

members and managers of Mandu Wellness LLC  including but not limited to  name,  physical address,

PO Box address, email address, telephone numbers, account numbers and any other personally identifiable

information related to Mandu Wellness LLC

Place:                           Date and Time:

You must produce the requested items for inspection and forward copies of the requested items to Plaintiff's

attorney Sid Childress at 1925 Aspen Dr. #600A, Santa Fe, NM 87505 or electronically via

**childresslaw@hotmail.com**, within 15 days of your receipt of this Subpoena.

ABSENT A COURT ORDER, THE ABOVE DATE SHALL NOT BE LESS THAN FIFTEEN (15) DAYS FROM THE DATE YOU RECEIVED THIS SUBPOENA. UNLESS ORDERED BY THE COURT, DO NOT RESPOND TO THIS SUBPOENA BEFORE THAT DATE.

DO NOT RESPOND TO THIS SUBPOENA FOR PRODUCTION OR INSPECTION IF YOU ARE SERVED WITH WRITTEN OBJECTIONS OR A MOTION TO QUASH UNTIL YOU RECEIVE A COURT ORDER REQUIRING A RESPONSE.

You may comply with this subpoena for production or inspection by providing legible copies of the items requested to be produced by mail or delivery to the attorney whose name appears on this subpoena. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of inspection and copying. You have the right to object to the production pursuant to this subpoena as provided below.

### READ THE SECTION BELOW ENTITLED "DUTIES IN RESPONDING TO SUBPOENA."

IF YOU DO NOT COMPLY WITH THIS SUBPOENA you may be held in contempt of court and punished by fine or imprisonment.

SUBPOENA ISSUED BY:

Sid Childress, Lawyer
1925 Aspen Dr. #600A
Santa Fe, NM 87505
(505) 433 - 9823
childresslaw@hotmail.com
Attorney for Plaintiff

On date    -  3/10/22

### RETURN FOR COMPLETION BY PERSON MAKING SERVICE

I affirm on _____, 2022 under penalty of perjury under the laws of the State of New Mexico that the following statements are true and correct: I am over the age of eighteen (18) years and not a party to this lawsuit. On the _____ day of _____, 2022, I served the original of this subpoena on _____ by certified USPS mail, return-receipt requested.

_____
Person making service

**RETURN FOR COMPLETION BY SHERIFF OR DEPUTY**

I certify that on the ___ day of _____, 2022, in _____ County, I served this subpoena on _____ by delivering to the person named a copy of the subpoena and a fee of $_____ (insert the amount tendered or, if no fee is tendered, "none")[3].

_____
Deputy sheriff

**RETURN FOR COMPLETION BY OTHER PERSON MAKING SERVICE**

I, being duly sworn, on oath say that I am over the age of eighteen (18) years and not a party to this lawsuit, and that on the *14th* day of *March*, 2022, in *Bernalillo* County, I served this subpoena on *Law Firm Small Business PC* by delivering to the person named a copy of the subpoena and a fee of $_____ (insert the amount tendered or, if no fee is tendered, "none")[3].

*c/o Laurence Donahue, Registered Agent*

$65.00

_____
Person making service

SUBSCRIBED AND SWORN to before me this *14* day of *March*, 2022.

STATE OF NEW MEXICO
NOTARY PUBLIC
Tonya Salazar
Commission No. 1004602
July 13, 2022

_____
Judge, notary or other person
authorized to administer oaths

## TO BE PRINTED ON EACH SUBPOENA

This subpoena must be served on each party in the manner provided by Rule 1-005 NMRA. If service is by a party, an affidavit of service must be used instead of a certificate of service.

A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

If a person's attendance is commanded, one full day's per diem must be tendered with the subpoena, unless the subpoena is issued on behalf of the state or an officer or agency thereof. Mileage must also be tendered at the time of service of the subpoena as provided by the Per Diem and Mileage Act. See Section 38-6-4 NMSA 1978 for per diem and mileage for witnesses. See Paragraph A of Section 10-8-4 NMSA 1978 for per diem and mileage rates for nonsalaried public officers. Payment of per diem and mileage for subpoenas issued by the state is made pursuant to regulations of the Administrative Office of the Courts. See Section 34-9-22 NMSA 1978 for payments from the jury and witness fee fund.

## PROTECTION OF PERSONS SUBJECT
## TO SUBPOENAS

A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undo burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include but is not limited to, lost earnings and a reasonable attorney's fee.

A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

Subject to Subparagraph (2) of Paragraph D below, a person commanded to produce and permit inspection and copying may, within fourteen (14) days after service of the subpoena or before the time specified for compliance if such time is less than fourteen (14) days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises or within fourteen (14) days after service of the subpoena may file a motion to quash the subpoena and serve the motion on all parties to the action. If an objection is served or a motion to quash is filed and served on the parties, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:
    (1) fails to allow reasonable time for compliance,
    (2) requires a person who is not a party or an office of a party to travel to a place more than one hundred miles from the place where that person resides, is employed or regularly transacts business in person, except as provided below, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (3) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (4) subjects a person to undue burden.

If a subpoena:
    (1) requires disclosure of a trade secret or other confidential research, development, or commercial information,

or

(2) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(3) requires a person who is not a party or an officer of a party to incur substantial expense to travel,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

### DUTIES IN RESPONDING TO SUBPOENA

A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

When information subject to subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

A person commanded to produce documents or material or to permit the inspection of premises shall not produce the documents or materials or permit the inspection of the premises if a written objection is served or a motion to quash has been filed with the court until a court order requires their production or inspection.

FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
7/26/2022 7:28 AM
AUDREY HUKARI
CLERK OF THE COURT
Dakota D Crane

STATE OF NEW MEXICO
LINCOLN COUNTY
TWELFTH JUDICIAL DISTRICT COURT

JOSEPH NELUMS,

           Plaintiff,

v.                                case no.  D-1226-CV-2022-00019

Alpha State Fulfillment Center
and Jane Does 1-10,

           Defendants.

## SUBPOENA TO PRODUCE DOCUMENTS
## AND INFORMATION IN A CIVIL ACTION

TO:    **VONAGE AMERICA LLC,**  by certified mail, return-receipt requested  to your registered agent Corporation Service Company at  110 E. Broadway St., Hobbs, NM  88240

YOU ARE COMMANDED to produce at the time, date and place set forth below the listed documents, electronically stored information or objects:

### Documents and Information to be Produced

Your  USER, ASSIGNEE, Customer, Account Holder  or SUBSCRIBER  information for the person(s) or companies assigned phone number  **866-453-3833  on  April 13, 2022**  including but not limited to  name,  physical address, PO Box address, email address, account numbers and any other personally identifiable information related to the phone number **866-453-3833  on  April 13, 2022**

Your  USER, ASSIGNEE, Customer, Account Holder  or SUBSCRIBER  information for the person(s) or companies assigned phone number  **866-490-3693  on  April 13, 2022**  including but not limited to  name,  physical address, PO Box address, email address, account numbers and any other personally identifiable information related to the phone number **866-490-3693  on  April 13, 2022**

Place:                                        Date and Time:

You must produce the requested items for inspection and forward copies of the requested items to Plaintiff's

attorney Sid Childress at 1925 Aspen Dr. #600A, Santa Fe, NM 87505 or electronically via

**childresslaw@hotmail.com**, within 15 days of your receipt of this Subpoena.


ABSENT A COURT ORDER, THE ABOVE DATE SHALL NOT BE LESS THAN FIFTEEN (15) DAYS
FROM THE DATE YOU RECEIVED THIS SUBPOENA. UNLESS ORDERED BY THE COURT, DO
NOT RESPOND TO THIS SUBPOENA BEFORE THAT DATE.

DO NOT RESPOND TO THIS SUBPOENA FOR PRODUCTION OR INSPECTION IF YOU ARE
SERVED WITH WRITTEN OBJECTIONS OR A MOTION TO QUASH UNTIL YOU RECEIVE A
COURT ORDER REQUIRING A RESPONSE.

You may comply with this subpoena for production or inspection by providing legible copies of the items
requested to be produced by mail or delivery to the attorney whose name appears on this subpoena. You
may condition the preparation of the copies upon the payment in advance of the reasonable cost of
inspection and copying. You have the right to object to the production pursuant to this subpoena as provided
below.


### READ THE SECTION BELOW ENTITLED
### "DUTIES IN RESPONDING TO SUBPOENA."

IF YOU DO NOT COMPLY WITH THIS SUBPOENA you may be held in contempt of court
and punished by fine or imprisonment.


SUBPOENA ISSUED BY:

Sid Childress, Lawyer
1925 Aspen Dr. #600A
Santa Fe, NM 87505
(505) 433 - 9823
childresslaw@hotmail.com
Attorney for Plaintiff

On date      -    5/3/22

## RETURN FOR COMPLETION BY PERSON MAKING SERVICE

I affirm on ___JULY 26___, 2022 under penalty of perjury under the laws of the State of New Mexico that the following statements are true and correct: I am over the age of eighteen (18) years and not a party to this lawsuit. On the ___2___ day of ___MAY___, 2022, I served the original of this subpoena on ___VONAGE AMERICA LLC___ by certified USPS mail, return-receipt requested.

_____ MAIL  RECEIPTS  ARE  ATTACHED

_____
Person making service

## TO BE PRINTED ON EACH SUBPOENA

This subpoena must be served on each party in the manner provided by Rule 1-005 NMRA. If service is by a party, an affidavit of service must be used instead of a certificate of service.

A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

If a person's attendance is commanded, one full day's per diem must be tendered with the subpoena, unless the subpoena is issued on behalf of the state or an officer or agency thereof. Mileage must also be tendered at the time of service of the subpoena as provided by the Per Diem and Mileage Act. See Section 38-6-4 NMSA 1978 for per diem and mileage for witnesses. See Paragraph A of Section 10-8-4 NMSA 1978 for per diem and mileage rates for nonsalaried public officers. Payment of per diem and mileage for subpoenas issued by the state is made pursuant to regulations of the Administrative Office of the Courts. See Section 34-9-22 NMSA 1978 for payments from the jury and witness fee fund.

## PROTECTION OF PERSONS SUBJECT
## TO SUBPOENAS

A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undo burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include but is not limited to, lost earnings and a reasonable attorney's fee.

A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

Subject to Subparagraph (2) of Paragraph D below, a person commanded to produce and permit inspection and copying may, within fourteen (14) days after service of the subpoena or before the time specified for compliance if such time is less than fourteen (14) days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises or within fourteen (14) days after service of the subpoena may file a motion to quash the subpoena and serve the motion on all parties to

the action. If an objection is served or a motion to quash is filed and served on the parties, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

    (1) fails to allow reasonable time for compliance,

    (2) requires a person who is not a party or an office of a party to travel to a place more than one hundred miles from the place where that person resides, is employed or regularly transacts business in person, except as provided below, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (3) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

    (4) subjects a person to undue burden.

If a subpoena:

    (1) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

    (2) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

    (3) requires a person who is not a party or an officer of a party in incur substantial expense to travel,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## DUTIES IN RESPONDING TO SUBPOENA

A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

When information subject to subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

A person commanded to produce documents or material or to permit the inspection of premises shall not produce the documents or materials or permit the inspection of the premises if a written objection is served or a motion to quash has been filed with the court until a court order requires their production or inspection.

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*CORP JERVICE CO*
*110 E. BROADWAY JR.*
*HOBBS NM 88240*

9590 9402 7274 1284 0515 42

2. Article Number *(Transfer from service label)*

7021 2720 0001 2210 5389

PS Form **3811**, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

Hobbs, NM 88240

Certified Mail Fee  $3.75
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $_____
☐ Return Receipt (electronic)      $0.00
☐ Certified Mail Restricted Delivery  $0.00
☐ Adult Signature Required         $0.00
☐ Adult Signature Restricted Delivery $_____
Postage  $0.58
Total Postage and Fees  $7.38

*CORP JERVICE CO NM*

05/02/2022

7021 2720 0001 2210 5389

FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
9/23/2022 2:16 PM
AUDREY HUKARI
CLERK OF THE COURT
Yazmin Helmick

STATE OF NEW MEXICO
LINCOLN COUNTY
TWELFTH JUDICIAL DISTRICT COURT

JOSEPH NELUMS,

        Plaintiff,

v.                              case no.  D-1226-CV-2022-00019

MANDU WELLNESS LLC, AARON MANDUJAN,
BRIAN PATRICK STICKNEY and 777 BRANDS LLC,

        Defendants.

## FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE UNFAIR PRACTICES ACT AND THE TELEPHONE CONSUMER PROTECTION ACT

TO THE HONORABLE COURT:

1.     Plaintiff Joseph Nelums ("Plaintiff") is a real person who may be contacted through his undersigned attorney.

2.     Plaintiff brings this action in accordance with the New Mexico Unfair Practices Act ("the UPA") and pursuant to the federal Telephone Consumer Protection Act ("the TCPA"), a federal statute enacted in 1991 in response to widespread outrage about the proliferation of intrusive, nuisance telemarketing. A text message is "a call" within the meaning of the TCPA.

3.     The TCPA is intended to protect consumer privacy by prohibiting certain unsolicited and/or autodialed telemarketing calls including texts, and to provide for transparency by requiring that callers identify themselves and who they are calling for during their solicitations. The UPA is of similar design.

1

4.    The TCPA and the FTC's Telemarketing Sales Rule ("the TSR") established the National Do-Not-Call Registry ("the Registry"). The Registry allows people to list their telephone numbers and thereby indicate their instructions to NOT receive telephone solicitations. See www.donotcall.gov

5.    Telemarketers are required by law to subscribe to and comply with the Registry. NMSA § 57-12-22(C)(1); 47 U.S.C. § 227(C)(3)(F-G); 16 C.F.R. Part 310; 47 C.F.R. § 64.1200(c).

## Jurisdiction and Venue

6.    Venue is proper because Plaintiff and his telephone were in the State of New Mexico at the time of the illegal telemarketing the subject of this Complaint that Defendants and/or their agents harassed him with, and Plaintiff resides in Lincoln County. This Court has subject matter jurisdiction. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7.    Defendants do business within New Mexico because Defendants or their agents regularly, automatically, repeatedly text message the phones of New Mexicans located within New Mexico for the purpose of advertising products and services. Defendants directly authorized, approved, controlled, ratified and/or participated in a conspiracy to telemarket the **ALPHA STATE "male enhancement support" product** throughout the State of New Mexico and nationwide using text messages, but without subscribing to or complying with the Registry.

8.    By directing or controlling telemarketing phone calls into the forum state, Defendants made themselves subject to the specific personal jurisdiction of the courts of the forum state.

9.    Defendants control or ratify standardized telemarketing that targets consumers nationwide, including the telemarketing the subject of this Complaint. Some of Defendant's telemarketing is purposefully directed into the State of New Mexico at New Mexico residents, but it is all the same

2

standardized telemarketing that is directed by Defendant into every part of the United States. As a result of Defendants' nationally standardized telemarketing the subject of this Complaint, Plaintiff suffered the concrete harms and injuries from that telemarketing, within the State of New Mexico, for which the TCPA and the UPA provide remedies.

### Defendants and their Unlawful Telemarketing conspiracy

10.    At all times material to this Complaint, acting alone or in concert with others, Defendants formulated, directed, controlled, had the authority to control, ratified and/or substantially participated in the unlawful acts and practices the subject of this Complaint.

11.    Defendant Mandu Wellness LLC ("MANDU" or "Defendants") is a New Mexico company that may be served a Summons by service on its registered agent Law 4 Small Business PC at 320 Gold SW #620, Albuquerque, NM 87102 c/o Donald Kochersberger.

12.    Defendant Aaron Mandujan ("Mandujan" or "Defendants") is a real person California resident who may be served a Summons at 10674 Sellers Cir., Stockton, CA 95209 or wherever he may be located.

13.    Defendant 777 Brands LLC ("**777**" or "Defendants") is a Texas company that may be served a Summons by service on its manager Brian Patrick Stickney at 208 Stanford Dr., Bedford, TX 76021.

14.    Defendant Brian Patrick Stickney ("**Stickney**" or "Defendants") is a real person Texas resident who may be served a Summons at 208 Stanford Dr., Bedford, TX 76021 or wherever he may be located.

15.    Defendants are all Sellers of the product Plaintiff purchased as set forth below, which Plaintiff purchased for the sole purpose of identifying the persons who unlawfully solicited him.

3

16.      Stickney has created a network of inter-related companies all dominated and controlled by him, and designed so that different companies can be used to perform distinct tasks required to be conducted for the sale of the ALPHA STATE "male enhancement support" product by telemarketing. These tasks include for example without limitation making the product, packaging the product, fulfillment services, accounting billing and payment processing, recruiting third-party telemarketers, compensating the marketers, and administering charge-back and refund claims. The other Defendants in this Amended Complaint are among this group of companies inter-related by common ownership and control.

17.      Stickney controls and directs the marketing of the ALPHA STATE "male enhancement support" product in part by controlling and directing the content of various websites that are used both to promote sales of the product and to recruit sales agents. At the times of the unlawful telephone solicitations to Plaintiff at issue in this Complaint one such website that depicted the product and promoted its sales was www.buyalphastate.com    Stickney dominates and controls the owner, proprietor and operator of that internet domain -  777.  Stickney uses 777 to control and promote the sale of various products by telemarketing.

18.      Using 777 to do so, Stickney approves and controls contracts and agreements for telemarketing of the ALPHA STATE "male enhancement support" product and authorizes and controls payments to the persons who make the actual telephone solicitations. Stickney controls and approves standardized telemarketing text messages and sales pitches directed at consumers including that to Plaintiff as described below.

19.      Mandu and Mandujan agreed for consideration to be direct sellers or marketers of the ALPHA STATE "male enhancement support" product, for Stickney and 777.    Mandujan is

4

Mandu's sole member, manager and/or employee and he totally dominates and controls Mandu as his alter ego.

20.     Defendants recruit agents to actually send text-messages that promote and sell their product. The text-messages present consumers with web-based internet links consumers can follow to landing pages where they can buy the product. The text-messages and internet links are designed and controlled by Defendants so that, if a consumer purchases, based on where the purchase came from (such as the IP address) Stickney and 777 can identify the agent that gets a commission from 777 for the sale.

21.     Stickney has implemented and controls an operating system that can track sales of various products by telemarketing, whereby the actual telemarketers involved will be incentivized to market because they know they will receive commissions on sales.

22.     Defendants give their third-party telemarketing affiliates access to Defendants' internal operating systems, for use by the affiliates in making sales for Defendants, so Defendants can engage in sales-tracking and know which particular affiliate is owed a commission for any given sale. Consequently, Defendants also are made aware which affiliates are generating numerous sales within short time-periods, so numerous and in so short a time period that it puts Defendants on notice particular affiliates commenced a telemarketing campaign that requires compliance with the TCPA and the TSR. Moreover, when Stickney and 777 contract with particular marketers, they have conversations with the marketers pursuant to which they are informed how particular marketers will sell the products.

23.     All the while engaging in "affiliate" marketing they know involves telemarketing, Defendants do not subscribe to or comply with the Registry as required by 47 C.F.R. § 64.1200(c).

5

24.     All the while engaging in the foregoing conduct, Defendants have failed to adopt and implement the business policies and practices required by 47 C.F.R. § 64.1200**(d)**.

25.     It is well-known and commonly understood within the marketing industry that mass automated telemarketing without the expense of compliance with the TCPA and the TSR, is generally more cost-effective and efficient to produce sales than is purely internet-advertising sales, for the type of product being marketed by Defendants, if the marketers are able to avoid litigation expenses.

26.     Defendants, at the same time that they control, direct, supervise and implement telemarketing including that unlawfully directed at Plaintiff and into the State of New Mexico as described below, do not require any of their marketers ("affiliates") to subscribe to or comply with the Registry. Defendants consciously avoid knowing whether any affiliate subscribes to or complies with the Registry.  Defendants consciously avoid knowing whether any affiliate complies with 47 C.F.R. § 64.1200**(d)**.

27.     Telemarketing to phone numbers listed on the Registry results in consumer complaints. As a means of identifying defendants so they can make complaints about unlawful telemarketing, some consumers buy a caller's products being tele-marketed.  Then when the product shows up these consumers identify and locate a seller and complain to it about the unlawful telemarketing that prompted them to make the purchase.

28.     Based also on the numbers of consumer complaints to and about their telemarketers, Defendants had an actual awareness or should have had an actual awareness that their agents actually making or initiating the telephone solicitations, including the text-messages to Plaintiff

6

described below, telephone people who object to the calls, to people who did not consent to them, and to people whose telephone numbers are listed on the Registry.

29.    Stickney and 777 also operate and control a customer-service call-center that is disclosed to purchasers of their products, the main purpose of which is to handle consumer charge-back and refund claims.  As a result of these claims made to their call-center, Stickney and 777 also learn how various products are being marketed and they learn which of their various affiliates are responsible for particular sales.

30.    Minimal oversight by Defendants would have confirmed for them that the telemarketing done on Defendants' behalf was done without complying with the TCPA or the TSR.

31.    Defendants gave and continued to give substantial assistance or support to their affiliates and themselves while knowing, consciously avoiding knowing or being recklessly indifferent to the fact that they are all engaged in acts or practices that violate the TCPA and the TSR.

**the Illegal Phone Calls to Plaintiff and a class of others  Defendants are Responsible For**

32.    Plaintiff's telephone is a wireless or cell phone assigned the number 210-710-7926. Plaintiff uses this phone and number for his personal, household and residential purposes.

33.    Within the past twelve (12) months Defendants conspired with their affiliates as part of their common enterprise to repeatedly cause text message telephone solicitations to be initiated and directed to Plaintiff's cell phone.  These text messages were indecent, obscene and designed to arouse the viewer's prurient interest in Defendants' ALPHA STATE "male enhancement support" product.

34.    The text messages to Plaintiff were part of a mass-marketing scheme by Defendants where the same standardized sales messaging was directed to consumers nationwide using lead-lists of

many phone numbers. Defendants' agents periodically upload the lead lists into technology that then at pre-planned times blasts the texts out throughout the telephone communications network of the United States, automatedly, to all phone numbers on the list.

35.    Defendants and their agents used an automatic telephone dialing system ("auto-dialer") to send their text messages to Plaintiff. The texts presented a standardized pre-scripted message to Plaintiff, not directed to Plaintiff in particular but to everyone who received the texts.

36.    Because it is standardized telemarketing done on an automated basis with list-dialing, not directed to any particular person in particular but rather to numerous phone numbers as a group, Defendants also directed their pornographic or obscene texts to children. Children received Defendants' text-message telephone solicitations.

37.    Defendants know their telephone solicitation advertising is targeted to cell-phones because Defendants rely on smart-phone or internet-connected devices for interested consumers to access the text-linked landing pages where they can buy Defendants' products.

38.    To identify Defendants and directly connect them to the unlawful text messages, Plaintiff followed the instructions in Defendants' text messages to Plaintiff to view more advertising. Plaintiff then used Defendants' web-page advertisements in the manner Defendants designed and intended the web-page to be used, and purchased the product.

39.    Defendants charged and collected money from Plaintiff, via the ACH technology built into their advertisements and thereafter shipped the ALPHA STATE "male enhancement support" product to Plaintiff from their warehouse.

40.    Plaintiff purchased Defendants' product for the sole and only purpose of identifying Defendants and directly connecting them to the unlawful text-messaging.

8

41.    Defendants' standardized texts Plaintiff received the subject of this case, prior to his purchase, never identified any seller or sponsor of the call and never provided any means for Plaintiff to make a specific do-not-call request.

42.    After Defendants charged Plaintiff money, they shipped him the product. **Exhibit 1** hereto in support of this Complaint is an accurate photo of the bottles and the shipping label on the package Plaintiff received from Defendants.

43.    Defendants go to great lengths to make their true identities and whereabouts difficult to discover.    They do this because they know they are making sales with unlawful telemarketing campaigns.

44.    Defendants go to such lengths to keep their true identities and whereabouts a secret, that they even use fake names and addresses on the shipping labels buyers receive.    Defendants cannot be identified or located at any place named "Fulfillment Center" at any PO Box in Tamp, Florida.

45.    The packaging on Defendants' Alpha State bottles provides no means of identifying or locating Defendants except that the phone number of a customer-service call-center can be located: 833-264-4045.

46.    777 is the end-user assignee of the phone number 833-264-4045.    777 manages the call-center that is reached by 833-264-4045.

47.    Through 777, Stickney controls the phone number and the call-center.

48.    Buyers of Defendants' products can make refund and stop-payment claims by calling Defendants' call-center at 833-264-4045.

9

49.     Defendants' customer-service representatives who could be reached by calling 833-264-4045, were aware of Plaintiff's purchase of Defendants' product described above and had authority to refund to Plaintiff the purchase price.

50.     However Stickney trains and requires Defendants' customer-service representatives at 833-264-4045 that they may not disclose the true business name or location of the call-center, their own true names or locations, or the true names or whereabouts of any of the Defendants herein, in either in-bound or out-bound calls.   If any particular caller persists in requesting information of this nature, Defendants' customer-service representatives are trained and required by Defendants to just hang up the phone on that caller.

51.     Plaintiff never gave prior express written consent to receive telephone solicitations from Defendants or their agents.

52.     Prior to his purchase of Defendants' ALPHA STATE male enhancement support product Plaintiff never had any prior relationship with Defendants or their agents.

53.     Defendants' telephone solicitations complained of herein aggravated and harrassed Plaintiff, wasted his time, invaded his privacy, disrupted his days, cost him money for electricity to re-charge his phone, and cost him money and this litigation to identify Defendants.

54.     Defendant's conduct set forth herein and directed at Plaintiff in New Mexico along with a nationwide class of other telephone consumers, was deliberate and volitional.

55.     Plaintiff's cell phone number referred to above that Defendants or their agents repeatedly text-solicited, has at all relevant times been continuously listed on the National Do-Not-Call Registry.

56.    For well over 25 years now the FCC has made clear that "the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995). *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574 (2013). *Mohon v. Agentra LLC*, 400 F.Supp.3d 1189, 1226 (D. NM 2019). The FCC has rejected a narrow view of liability, including the assertion that liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Id.*

57.    The FCC has instructed that defendants may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to ***unsupervised third parties*** would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were *judgment proof*, ***unidentifiable***, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

58.    Defendants are either directly liable for the telephone solicitations at issue because they made or initiated them, or Defendants are vicariously liable because they:

    a)    authorized the texts or caused them to be made;

    b)    directly or indirectly controlled the persons who actually made or initiated the texts;

11

c)    allowed the telemarketers access to information and operating systems within Defendants' control for the purpose of selling goods and services, without which they would not be able to sell;

d)    allowed the telemarketers to enter or provide consumer information into Defendants' sales or operational systems;

e)    approved, wrote, reviewed or participated in developing the telemarketing sales scripts and messages;

f)    Defendants reasonably should have known or consciously avoided knowing that the actual texters and telemarketers were violating the law and Defendants failed to take effective steps within their power to require compliance;  OR

g)    Defendants gave substantial assistance or support to their agents while knowing, consciously avoiding knowing, or being recklessly indifferent to the fact that the agents were engaged in acts or practices that violated the TCPA and/or the TSR.

59.    Defendants ratified the unlawful calls to Plaintiff described above because Defendants accepted and intended the benefits to themselves of the telemarketing while knowing or consciously avoiding knowing the calling was unlawful.


## FIRST  SET OF CLAIMS FOR RELIEF  -  UPA Violations

60.    Plaintiff hereby brings this action pursuant to the New Mexico Unfair Practices Act ("the UPA") to recover his statutory damages for each violation of the UPA, for injunctive relief and for his attorney fees.  As set forth above Defendants' conduct was knowing and/or willful therefore Plaintiff should be awarded treble his statutory damages.

61.    Each call to Plaintiff described above violated  NMSA §57-12-22(A).  Plaintiff should be awarded $300 for each of these violations.

62.    The text messages Plaintiff received from Defendants or their agents cause confusion or misunderstanding as to the source of the goods offered in a manner that may, tends to or does deceive or mislead consumers.   Plaintiff was damaged in the amount of money it cost him to buy the product and the expense of this litigation (court costs and attorney fees) to identify and locate the Defendants.   For this violation of the statute by Defendants Plaintiff should be awarded $300 or his costs and attorney fees necessary to identify and locate Defendants, whichever amount is larger.

63.    Defendants have engaged in an unconscionable trade practice because their telemarketing is designed so that, for Defendants to be identified and located, a consumer must purchase the product being marketed.   If the consumer does not buy the product, as a practical matter the consumer cannot enforce any legal remedy the consumer has for unlawful telemarketing.   This practice by Defendants takes advantage of the lack of knowledge, ability or experience of persons to a grossly unfair degree.   Plaintiff should be awarded $300 for this violation of the statute by Defendants.

64.    Each call to Plaintiff from Defendants the subject of this matter was also an actionable unfair, unconscionable or deceptive trade practice because each call violated  § 310.4 of the Telemarketing Sales Rule.

65.    Defendants additionally distinctly violated the UPA because pursuant to 16 C.F.R. §310.3(b):   "It is a deceptive telemarketing act or practice and a violation of this Rule for a person to provide substantial assistance or support to any seller or telemarketer when that person knows

13

or consciously avoids knowing that the seller or telemarketer is engaged in any act or practice that violates §§310.3(a), (c) or (d), or §310.4 of this Rule." Plaintiff should be awarded $300 for this violation of the statute by Defendants.

66.    Plaintiff is likely to be damaged by Defendants' telemarketing in the future. Therefore and in accordance with NMSA §57-12-10A Plaintiff hereby requests Judgment for the following injunctive relief:

-    Order that Defendants shall personally subscribe to and comply with the National Do Not Call Registry at all times, and Defendants shall require proof from their telemarketing agents and lead-generators that Defendants' agents and lead-generators themselves actually subscribe to and comply with the National Do Not Call Registry at all times.

-    Order that Defendants shall train and actually supervise their agents for telemarketing compliance, including the requirement that sellers and sponsors of the calls be adequately identified during the calls themselves.

SECOND SET OF CLAIMS FOR RELIEF - Violations of the TCPA's Subsection B

67.    The foregoing acts and omissions of Defendants or their agents constitute multiple violations of 47 U.S.C. § 227(b) and its implementing regulations: use of an auto-dialer to make telephone solicitations to cell phones.

68.    Plaintiff is entitled to and should be awarded against Defendants $500 in damages for each and every violation of the TCPA's Subsection B. Because Defendant's conduct set forth above was knowing and/or willful Plaintiff should be awarded treble damages of $1,500 for each violation.

14

THIRD SET OF CLAIMS FOR RELIEF - Violations of the TCPA's Subsection C

69.     Defendants or their agents on Defendant's behalf made telephone solicitations to Plaintiff more than once within 12 months despite the fact his phone number Defendants or their agents called has been continuously listed on the Registry at all relevant times.

70.     For each of Defendants' calls to Plaintiff the subject of this Complaint, Plaintiff should recover up to an additional $1500 for each violation of 47 C.F.R. § 64.1200(c).

71.     Each time Defendants or their agents called Plaintiff, they had also failed to comply with 47 C.F.R. § 64.1200(d).   Plaintiff should recover up to an additional $1500 for each violation of 47 C.F.R. § 64.1200(d).

## Request for Class Certification

72.     Telemarketing campaigns generally place calls or texts to hundreds or thousands of potential customers *en masse*.   Telemarketing cases are uniquely well-suited for class-action treatment.  Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received the illegal telemarketing texts from or on behalf of Defendants.

73.     A class action is consistent with both the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule of Civil Procedure 23.

74.     The class of persons Plaintiff proposes to represent is tentatively defined as:

> All persons within the United States: (a) Defendants and/or a third party acting on their behalf, made two or more non-emergency telephone solicitation text messages to within a 12-month period;  (b) promoting the ALPHA STATE "male enhancement support" product;  (c) where the phone numbers Defendants or their agents texted had been listed on the National Do No Call Registry for at least 31 days prior to receipt of the text messages

15

by these persons and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

75.    The class defined above is identifiable through phone records and phone number databases.

76.    The potential class members number at least in the thousands, since telemarketing campaigns especially if automated make calls to hundreds or thousands of individuals a day. Individual joinder of these persons is impracticable.

77.    Plaintiff is a member of the proposed class.

78.    There are questions of law and fact common to Plaintiff and to the proposed class members, including but not limited to the following:   Whether Defendants made, caused or controlled text message mass-marketing to phone numbers listed on the Registry;   Whether Plaintiff and the class members are entitled to statutory damages because of Defendants' acts and omissions; Whether Defendants' violations of the TCPA were knowing or willful.

79.    Plaintiff's claims are typical of the claims of class members.  Plaintiff's claims and the claims of the class members arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

80.    Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class-members, he will fairly and adequately protect the interests of the class and its members, and he will be represented by counsel skilled and experienced in both class actions and the trial of individual consumer claims.

81.    Common questions of law and fact predominate over questions affecting only individual class members.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

16

82.    Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

83.    The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.


WHEREFORE, Plaintiff prays for entry of judgment for  -   his statutory, actual and/or treble damages sufficient in size to set an example and deter in the future the conduct complained of by Defendants or others.  Plaintiff requests the Court certify the class tentatively defined above and award the class statutory damages plus costs of administration.  Plaintiff requests an award of his attorney fees and costs.  Plaintiff prays for such other and  further relief as the court finds proper including injunctive relief.


RESPECTFULLY SUBMITTED,

By:

Sid Childress, Lawyer
1925  Aspen  Dr.  #600A
Santa  Fe,  NM  87505
childresslaw@hotmail.com
(505) 433 - 9823
Attorney for Plaintiff


17



**USPS FIRST-CLASS PKG™**

Fulfillment Center
PO Box 152693
Tampa FL 33684

SHIP
TO:   JOSEPH NELUMS

RUIDOSO NM 88345-6114

**USPS TRACKING #**

9400 1111 0798 4593 5233 27



FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
9/23/2022 2:16 PM
AUDREY HUKARI
CLERK OF THE COURT
Yazmin Helmick

STATE OF NEW MEXICO
LINCOLN COUNTY
TWELFTH JUDICIAL DISTRICT COURT


JOSEPH NELUMS,

        Plaintiff,

v.                            case no.  D-1226-CV-2022-00019

MANDU WELLNESS LLC, AARON MANDUJAN,
BRIAN PATRICK STICKNEY and 777 BRANDS LLC,

        Defendants.

### REQUEST FOR JURY

Plaintiff hereby demands trial by 6-person jury


RESPECTFULLY SUBMITTED,

By:    /s/ Sid Childress
             _____
             Sid Childress, Lawyer
             1925 Aspen Dr. #600A
             Santa Fe, NM 87505
             (505) 433 - 9823
             childresslaw@hotmail.com
             Attorney for Defendant


### CERTIFICATE OF SERVICE

I will cause this document to be served with the Summons to Defendants


/s/ Sid Childress
_____


1

FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
9/26/2022 11:28 AM
AUDREY HUKARI
CLERK OF THE COURT
Yazmin Helmick

IN THE TWELFTH JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF LINCOLN

JOSEPH NELUMS

               Plaintiff(s),

vs.                             No. **D-1226-CV-**2022-19

ALPHA STATE FULFILMENT CENTER     **Judge Daniel A Bryant**
                                       Division III

               Defendant(s).

## ORDER REQUIRING COMPLETION OF SCHEDULING FORM

**IT IS ORDERED:**

A.     Plaintiff shall serve a copy of this order on each defendant with the summons and complaint and file a certificate of such service. *Rule 1–005.*

B.     Within ninety (90) days after service of the complaint is completed, the parties shall confer and are encouraged to file a Joint Scheduling Form.

C.     Parties of record shall complete and file the scheduling conference form *(attached)* and submit a copy to the assigned judge. If the parties cannot agree on the scheduling deadlines, counsel of record shall request a Rule 1-016(B) scheduling conference.

D.     The Court will draft a Scheduling Order from the stipulated scheduling form and/or after the Rule 1-016(B) scheduling conference hearing.

E.     Any party who enters the case after the scheduling order has been filed and cannot abide by the scheduling deadlines, shall contact counsel/parties of record and either submit an amended scheduling order or request a Rule 1-016(B) scheduling conference hearing.

*Daniel A. Bryant*

DANIEL A BRYANT
DISTRICT JUDGE, DIVISION III

22 Delivered with the Summons to Plaintiff this _____ 26 _____ day of _____ SEPTEMBER _____,
20_____.



AUDREY HUKARI
Court Administrator

/s/ Yazmin Helmick
By: _____
DEPUTY COURT CLERK

## SCHEDULING CONFERENCE FORM

JOSEPH NELUMS

Plaintiff(s),

vs.

No. **D-1226-CV-** 2022-19

**Judge Daniel a Bryant**
Division III

ALPHA STATE FULFILMENT CENTER

Defendant(s).

Date of discussions: _____

Counsel for Plaintiff(s): _____

Counsel for Defendants(s): _____

Joinder of parties and amendment of pleadings:      Deadline _____

___   There is no need to join additional parties.

___   There is no need for further amendment of the pleadings.

___   Motions addressed to the pleadings:      Deadline _____

*Plaintiff's lay witness list shall be exchanged:      Deadline _____

*Defendant's lay witness list shall be exchanged:      Deadline _____

*Plaintiff's expert witness list shall be exchanged:      Deadline _____

*Defendant's expert witness list shall be exchanged:      Deadline _____

      Discovery will be complete by:      Deadline _____

___   Discovery is complete.

All motions, except for motions in limine, shall be
filed by:                                                        Deadline _____

___    There is no need for further Motions.

Parties will conduct a Settlement Conference on the following date: _____

___    A settlement facilitator is (requested) (not requested).

Name of settlement facilitator _____ .

*Exhibit list shall be filed by:                                Deadline _____

*Specific objections to other parties's proposed exhibits
by:                                                             Deadline _____

Plaintiffs shall submit their portions of a pretrial order to
defendants by:                                                  Deadline _____

Defendants shall file the proposed final pretrial order with
the court by:                                                   Deadline _____

Parties shall file a final witness list by:                     Deadline _____
Final witness list shall list "will call" and "may call"

Pre-Trial Conference needed: Yes _____ No _____

Proposed Jury Instructions shall be due to the Court by:        Deadline _____

Proposed Findings of Fact and Conclusions of Law by:            Deadline _____

Motions in limine shall be filed by:                            Deadline _____

Amount of time needed for Trial on the Merits:        _____days

___Non-Jury            ___6 Person Jury            ___12 Person Jury


_____                 _____
Counsel for Plaintiff(s)                        Counsel for Defendant(s)

Dates contained in paragraphs of this form marked with an asterisk (*) may be modified by written
agreement of all parties, without court approval. Only the court, for good cause, may change other
dates.

FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
10/15/2022 8:50 AM
AUDREY HUKARI
CLERK OF THE COURT
Gloria Lamay

22002034

## SUMMONS ON FIRST AMENDED COMPLAINT

| | |
|---|---|
| **Twelfth Judicial District Court** Lincoln County, New Mexico PO Box 725 Carrizozo, NM 88301 **Court Telephone:** (575) 648 - 2432 | Case Number:  D-1226-CV-2022-00019 Judge:    Daniel A. Bryant |
| Plaintiff:    Joseph Nelums v. Defendants:  Mandu Wellness LLC, Aaron Mandujan, Brian Patrick Stickney and  777 Brands LLC | Defendant name:  777 BRANDS LLC Address: c/o your manager Brian Patrick Stickney at 208 Stanford Dr., Bedford, TX 76021 |

**TO THE ABOVE NAMED DEFENDANT**: Take notice that:

1.      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA).  The Court's address is listed above.

3.      You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Carrizozo, New Mexico, this _____26_____ day of September, 2022

CLERK OF COURT
AUDREY HUKARI

By: /s/ Yazmin Helmick
           Deputy

/s/ Sid Childress
Sid Childress, Lawyer
1925 Aspen Dr. #600A
Santa Fe, NM 87505
505-433-9823 / childresslaw@hotmail.com
Attorney for Plaintiffs

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

STATE OF TEXAS
COUNTY OF TARRANT
CONSTABLE PRECINCT 3                    CAUSE NUMBER: D-1226-CV-2022-00019

## <u>CONSTABLE'S RETURN</u>

Came to hand on the 5th day of October 2022 at 2:58 o'clock AM and executed on the 6th day of October, 2022, at 10:46 o'clock AM by delivering to: 777 BRANDS LLC at 208 STANFORD DR. CO/ YOUR MANAGER BRIAN PATRICK STICKNEY AT BEDFORD TX 76021.

**DARRELL HUFFMAN**
**CONSTABLE TARRANT COUNTY #3**
_____
Constable Darrell Huffman Precinct 3
Tarrant County, Texas

By: _____
Deputy Constable

Subscribed and sworn to before me on the ___6___ day of ___Oct___, 20 _22_; to certify which witness my hand and official seal.

Notary Public in and for Tarrant County, Texas State. My commission expires
_05-07-24_

MEAGAN ELIZABETH PEACOCK
Notary Public, State of Texas
Comm. Expires 05-07-2024
Notary ID 132489461

_____
Notary Public's Signature

Fee Total $75.00

# from - Sid Childress, Lawyer

1925 Aspen Dr. #600A
Santa Fe, NM 87505

tel. (505) 433 - 9823
childresslaw@hotmail.com

September 29, 2022
via regular mail

attn:  Tarrant County Constable
645 Grapevine Hwy - Ste. 110
Hurst, TX 76054
817-581-3610

Re:   **BRIAN PATRICK STICKNEY** at  **208 Stanford Dr.  in  Bedford**

Dear  Constable:

Please  attempt  **PERSONAL SERVICE**  of  the  enclosed  2 sets  of  papers
(Summons and Complaint) on Mr. Stickney at the address stated on the Summons.

Enclosed is my Operating Account check #2074 in the amount of $150 for
your efforts.

After  service  is  made  please  send  me  a  sworn  RETURN OF  SERVICE,
Declaration or other Proof of Service   in the return-envelope I also enclose.

Please let me know if you have difficulty  serving.   Thank you.

Very Truly,

Sid Childress

copy  to:  - file

1

12th JUDICIAL DISTRICT COURT
Lincoln County
10/15/2022 8:50 AM
AUDREY HUKARI
CLERK OF THE COURT
Gloria Lamay

## SUMMONS ON FIRST AMENDED COMPLAINT

| | |
|---|---|
| **Twelfth Judicial District Court**<br>Lincoln County, New Mexico<br>PO Box 725<br>Carrizozo, NM 88301<br>**Court Telephone:** (575) 648 - 2432 | Case Number: D-1226-CV-2022-00019<br><br>Judge: Daniel A. Bryant |
| Plaintiff: Joseph Nelums<br>v.<br><br>Defendants: Mandu Wellness LLC,<br>Aaron Mandujan, Brian Patrick Stickney<br>and 777 Brands LLC | Defendant name:<br>MANDU WELLNESS LLC<br><br>Address: c/o your registered agent Law 4<br>Small Business PC at 320 Gold SW #620,<br>Albuquerque, NM 87102 c/o Donald<br>Kochersberger |

**TO THE ABOVE NAMED DEFENDANT**: Take notice that:

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.

3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Carrizozo, New Mexico, this 26 day of September, 2022

CLERK OF COURT
AUDREY HUKARI

By /s/ Yazmin Helmick
      Deputy

/s/ Sid Childress

Sid Childress, Lawyer
1925 Aspen Dr. #600A
Santa Fe, NM 87505
505-433-9823 / childresslaw@hotmail.com
Attorney for Plaintiffs

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN

STATE OF *New Mexico* )ss
COUNTY OF *Lincoln* )

I, being duly sworn on oath. state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in *Bernalillo* county on the *4th* day of *October* , 2022, by delivering a copy of this summons, with a copy of the Complaint attached. in the following manner: **(check one box and fill in appropriate blanks)**

Describe: *Served   Law. 4. Small Business P.C. C/o Donald F Kochersberger III   Misty Fitzwater - Authorized Intake*

[✓] to the defendant *MANDJ WELLNESS LLC   C/o Law 4 Small Business P.C. Registered Agent   Misty Fitzwater Authorized Intake for Donald F Kochersber* (used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint) by hand-delivery to:

*Guy Salazar   Cecil Salazar SPI*          Fees: *$ 70.00*
Signature of person making service

Subscribed and sworn to before me this *04* day of *October* , 2022

Judge, notary or other officer authorized to administer oaths          *notary*  Official Title

STATE OF NEW MEXICO
NOTARY PUBLIC
Tonya Salazar
Commission No. 1004602
July 13, 2026

FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
10/15/2022 8:50 AM
AUDREY HUKARI
CLERK OF THE COURT
Gloria Lamay

22002033

## SUMMONS ON FIRST AMENDED COMPLAINT

| **Twelfth Judicial District Court** | |
| --- | --- |
| Lincoln County, New Mexico<br>PO Box 725<br>Carrizozo, NM 88301<br>**Court Telephone:** (575) 648 - 2432 | Case Number:  D-1226-CV-2022-00049<br><br>Judge:    Daniel A. Bryant |
| Plaintiff:   Joseph Nelums<br>v.<br><br>Defendants:  Mandu Wellness LLC,<br>Aaron Mandujan, Brian Patrick Stickney<br>and  777 Brands LLC | Defendant name:<br>  BRIAN  PATRICK  STICKNEY<br><br>Address:<br>208 Stanford Dr., Bedford, TX 76021 |

### TO THE ABOVE NAMED DEFENDANT: Take notice that:

**1.**      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA).  The Court's address is listed above.

**3.**      You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.**      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**      If you need an interpreter, you must ask for one in writing.

**7.**      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Carrizozo, New Mexico, this _____ day of  September, 2022

CLERK OF COURT
AUDREY HUKARI

By: /s/ Yazmin Helmick
_____
       Deputy

/s/ Sid Childress
_____
Sid Childress, Lawyer
1925 Aspen Dr. #600A
Santa Fe, NM 87505
505-433-9823 / childresslaw@hotmail.com
Attorney for Plaintiffs

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

STATE OF TEXAS
COUNTY OF TARRANT
CONSTABLE PRECINCT 3

CAUSE NUMBER: D-1226-CV-2022-00019

## CONSTABLE'S RETURN

Came to hand on the 5th day of October 2022 at 2:58 o'clock AM and executed on the 6th day of October, 2022, at 10:46 o'clock AM by delivering to: BRIAN PATRICK STICKNEY at 208 STANFORD DRIVE BEDFORD TX .

DARRELL HUFFMAN
CONSTABLE TARRANT COUNTY #3

Constable Darrell Huffman Precinct 3
Tarrant County, Texas

By: _____

Deputy Constable

Subscribed and sworn to before me on the _6_ day of _Oct_____, 20 _22_, to certify which witness my hand and official seal.

Notary Public in and for Tarrant County, Texas State. My commission expires
05-07-24

MEAGAN ELIZABETH PEACOCK
Notary Public, State of Texas
Comm. Expires 05-07-2024
Notary ID 132468461

_____
Notary Public's Signature

Fee Total $75.00

# Tarrant County Constable Precinct 3

Northeast Courthouse
645 Grapevine Highway
Suite 110
HURST, TX 76054
Phone: 817-581-3610

*413*

---

## Payment Receipt

---

**Payment made by:**    SID CHILDRESS, LAWYER
PO BOX 2327
SANTA FE NM 87504

| | |
|---:|:---|
| **Payment Date:** | 10/5/2022 |
| **Payment Type:** | Check |
| **Receipt Number:** | 413 |
| **Payment Amount:** | 150.00 |
| **Cause #:** | D-1226-CV-2022-00019 |
| **Receiving Pct:** | Constable #3 Fee |

FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
10/15/2022 8:50 AM
AUDREY HUKARI
CLERK OF THE COURT
Gloria Lamay

*Attorney or Party without Attorney:*
SID CHILDRESS, LAWYER
1925 ASPEN DR. # 600A
SANTA FE, NM 87505
*Telephone No:* 505-433-9823

*Ref. No. or File No.:*

*Attorney for:* Plaintiff

*Insert name of Court, and Judicial District and Branch Court:*
Twelfth Judicial District Court, Lincoln County, New Mexico

*Plaintiff:* JOSEPH NELUMS
*Defendant:* AARON MANDUJAN

| AFFIDAVIT OF SERVICE | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* |
|---|---|---|---|---|
| | | | | D-1226-CV-2022-00019 |

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS AND COMPLAINT

3. a. *Party served:*      AARON MANDUJAN
    b. *Person served:*      party in item 3.a., White, Male, 45 Years Old, Gray Hair, 5 Feet 9 Inches, 185 Pounds

4. *Address where the party was served:*      10674 SELLERS CIR.
     STOCKTON, CA 95209

5. I served the party
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Tue., Oct. 11, 2022 (2) at: 8:08PM
6. The *"Notice to the Person Served"* (on the Summons) was completed as follows:
    a. as an individual defendant.

7. *Person Who Served Papers:*                  *Fee for Service:*    $105.00
    a. MELISSA YBARRA
    b. RUN WITH IT
       P.O. BOX 691237
       STOCKTON, CA 95269
    c. (209) 565-1180, FAX (866) 679-6730

8. *I declare under penalty of perjury under the laws of the State of NEW MEXICO and under the laws of the United States Of America that the foregoing is true and correct.*

AFFIDAVIT OF SERVICE                 (MELISSA YBARRA)     *sid.132953*

| SUMMONS ON FIRST AMENDED COMPLAINT | |
|---|---|
| **Twelfth Judicial District Court**<br>Lincoln County, New Mexico<br>PO Box 725<br>Carrizozo, NM 88301<br>**Court Telephone:** (575) 648 - 2432 | Case Number:  D-1226-CV-2022-00019<br><br>Judge:    Daniel A. Bryant |
| Plaintiff:    Joseph Nelums<br>v.<br><br>Defendants:  Mandu Wellness LLC,<br>Aaron Mandujan, Brian Patrick Stickney<br>and  777 Brands LLC | Defendant name:<br>AARON  MANDUJAN<br><br>Address:<br>10674 Sellers Cir., Stockton, CA 95209 |

**TO THE ABOVE NAMED DEFENDANT**: Take notice that:

1.      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA).  The Court's address is listed above.

3.      You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Carrizozo, New Mexico, this _____26_____ day of September, 2022

CLERK OF COURT
AUDREY HUKARI

By: /s/ Yazmin Helmick
    _____
              Deputy

/s/ Sid Childress
_____
Sid Childress, Lawyer
1925 Aspen Dr. #600A
Santa Fe, NM 87505
505-433-9823 / childresslaw@hotmail.com
Attorney for Plaintiffs

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

# RUN WITH IT

| Wednesday October 12, 2022 | *INVOICE* | SID.132953 |

P.O. BOX 691237
STOCKTON, CA 95269
Telephone: (209) 565-1180 , FAX: (866) 679-6720 Tax ID: 46-3679063

SID CHILDRESS, LAWYER
1925 ASPEN DR. # 600A
SANTA FE NM 87505

Case #: D-1226-CV-2022-00019
Court: TWELFTH JUDICIAL DISTRICT COURT, LINCOLN COUNTY, NEW MEXICO
Title: JOSEPH NELUMS vs. AARON MANDUJAN
Documents: SUMMONS AND COMPLAINT

| Date | Description | Amount |
|------|-------------|--------|
| 10/11/22 08:08PM | Personal Service: AARON MANDUJAN, AT Home 10674 SELLERS CIR. STOCKTON, CA 95209, by serving: party in item 3.a., White, Male, 45 Years Old, Gray Hair, 5 Feet 9 Inches, 185 Pounds, Served By: MELISSA YBARRA. | |
| 10/04/22 | Deposit On Services  Check Number: 2071, Thank You! | -105.00 |
| 10/11/22 | PROCESS SERVICE | 105.00 |

**PLEASE PAY FROM THIS INVOICE.**                                          **0.00**

STATE COURT OF NEW MEXICO
COUNTY OF LINCOLN
TWELFTH JUDICIAL DISTRICT COURT

JOSEPH NELUMS,

      Plaintiff,

v.

                                      D-1226-CV-2022-00019
MANDU WELLNESS LLC, AARON
MANDUJAN, BRIAN PATRICK STICKNEY, and
777 BRANDS LLC,

      Defendants.

**DEFENDANTS' NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL**

      NOW COMES Defendants, Mandu Wellness LLC, Aaron Mandujan, Brian Patrick

Stickney, and 777 Brands LLC, by and through their attorneys, Gordon Rees Scully Mansukhani

LLP, and give notice of filing of a Notice of Removal in this matter to the United States District

Court for the District of New Mexico.  A copy of the Notice of Removal is attached as Exhibit

"A" and incorporated by reference.

      DATED this the 2nd day of November, 2022.

                            Respectfully submitted,

                            **GORDON REES SCULLY MANSUKHANI**

                          By:   */s/ Kenneth J. Ferguson*
                                Kenneth J. Ferguson
                                State Bar No. 3780
                                kferguson@grsm.com
                                901 South Mopac Expressway
                                Building 1, Suite 480
                                Austin, Texas  78746
                                Phone:  (512) 391-0197
                                Fax:  (512) 391-0183

                                ***Attorneys for Defendants***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of November, 2022, the foregoing *Notice to State Court of Filing Notice of Removal* was filed electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Sid Childress
1925 Aspen Dr. #600A
Santa Fe, NM 87505
childresslaw@hotmail.com
***Attorney for Plaintiff***

/s/ *Kenneth J. Ferguson*
Kenneth J. Ferguson