IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH NELUMS,

    Plaintiff,

vs.                                                  Civ. No. 2:22-828 KRS/GBW

MANDU WELLNESS, LLC,
AARON MANDUJAN,
BRIAN PATRICK STICKNEY, and
777 BRANDS, LLC,

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Plaintiff's Motion for Reconsideration and Jurisdictional Discovery, (Doc. 20), filed September 25, 2023. Plaintiff asks the Court to reconsider its Memorandum Opinion and Order, (Doc. 18), and to allow him to conduct jurisdictional discovery. Defendants filed a response to the Motion for Reconsideration on October 9, 2023 and Plaintiff filed a reply on October 19, 2023. (Docs. 21, 22). Having considered the parties' briefing, record of the case, and relevant law, the Court denies Plaintiff's Motion for Reconsideration for the reasons set forth below.

**I.    Background**

Plaintiff brought the following three claims against Defendants: (1) violation of the New Mexico Unfair Practices Act ("NMUPA"); (2) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b); and (3) violation of the TCPA, 47 U.S.C. § 227(c). (Doc. 1-1) at 18-21. Plaintiff brought his claims on behalf of himself and a proposed nationwide class of other persons who received telemarketing texts from or on behalf of Defendants. *Id.* at 21-23. Specifically, Plaintiff alleges that Defendants are sellers of a male enhancement product and they

"formulated, directed, controlled, had the authority to control, ratified and/or substantially participated in" sending him and others unlawful text messages. (Doc. 1-1) at 9. The text messages had a web-based internet link, and Plaintiff "followed the instructions in Defendants' text messages to Plaintiff to view more advertising," and then Plaintiff purchased the product in order to identify the senders of the text messages. *Id.* at 14-16. Plaintiff alleges that Defendant Mandu Wellness, LLC sold Plaintiff the product and collected the money from him, and that Defendant 777 Brands, LLC is the proprietor of the website where he bought the product as well as the "end-user assignee" of the customer-service phone number that Plaintiff called. (Doc. 11) at 12. Plaintiff states that Defendant Mandujan is the sole member and manager of Mandu Wellness LLC, and Defendant Stickney is the sole member and manager of 777 Brands, LLC. *Id.*

On August 30, 2023, the Court entered a Memorandum Opinion and Order granting Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. 18). The Court found that Plaintiff failed to demonstrate the out-of-state Defendants—777 Brands, LLC, Stickney, and Mandujan—had sufficient minimum contacts with New Mexico for the Court to exercise jurisdiction over them, and dismissed Plaintiff's claims against them without prejudice pursuant to Rule 12(b)(2). *Id.* at 11-12. The Court also denied Plaintiff's request for jurisdictional discovery because he did not explain how additional discovery would support a finding of personal jurisdiction over the out-of-state Defendants and he merely speculated that Defendants would have such information. *Id.* at 13. Finally, the Court dismissed Plaintiff's claims against New Mexico Defendant Mandu Wellness, LLC with prejudice for failure to state a claim under Rule 12(b)(6), finding Plaintiff did not adequately plead the first elements of the

TCPA and NMUPA—that Defendants were directly or vicariously liable for the text messages. Plaintiff moves the Court to reconsider its Memorandum Opinion and Order. (Doc. 20).

## II. Legal Standard

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Instead, they contemplate a motion to alter or amend judgment under Rule 59(e), or a motion for relief from judgment under Rule 60(b). "Which rule applies . . . depends essentially on the tim[ing.]" *Id.* If the movant seeks relief within twenty-eight days of judgment, the motion falls under Rule 59(e); if later, the motion implicates Rule 60(b). *See id.* Here, Plaintiff filed his motion within twenty-eight days of the judgment, so the Court analyzes it under Rule 59(e)'s standard.

The Court may alter or amend its judgment under Rule 59(e) where: (1) an intervening change in controlling law occurs; (2) new evidence that was previously unavailable becomes available; or (3) a need exists to correct clear error or prevent manifest injustice. *See Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Rule 59(e) does not permit a losing party to revisit issues previously addressed or to present new legal theories or facts that could have been raised earlier. *Servants of the Paraclete*, 204 F.3d at 1012. Rather, relief "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* (citation omitted); *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

## III. Discussion

Plaintiff argues in his Motion for Reconsideration that the FCC has instructed that defendants may not avoid liability under the TCPA by outsourcing telemarketing, and Plaintiff claims the Court did not properly credit evidence that Defendants engaged in deception to

3

disguise their involvement in the telemarketing text messages at issue. (Doc. 20). Plaintiff attaches a declaration from opinion witness Jeffrey Hansen in support of his Motion for Reconsideration. (Doc. 20-1). However, Plaintiff's arguments are largely restatements of the arguments addressed by the Court in its Memorandum Opinion and Order. Plaintiff does not point to an intervening change in controlling law and relies solely on cases decided prior to the Court's decision. *Id.* at 1-9. Indeed, the Court considered and addressed most of the cases relied on by Plaintiff in his Motion for Reconsideration. *See* (Doc. 18) at 9-20. In addition, the information in Mr. Hansen's declaration was not previously unavailable to Plaintiff, and Mr. Hansen notes that Plaintiff's First Amended Complaint contains Mr. Hansen's opinions regarding Defendants' knowledge of the text messages. *See* (Doc. 20-1) at 4 (citing to Doc. 1-1, ¶ 22). Plaintiff, therefore, fails to demonstrate the first two Rule 59(e) factors.

Plaintiff also fails to meet the third Rule 59(e) factor—a need to correct clear error or prevent manifest injustice. Plaintiff argues the Court should follow *In re Joint Petition filed by Dish Network, LLC*, 28 FCC Rcd. 6574 (May 2013, FCC Ruling) ("Dish"), in which the FCC provides examples of evidence that may demonstrate vicarious liability against a seller for the actions of a telemarketer. These examples include evidence showing: (1) that the seller allows the telemarketer access to information and systems within the seller's exclusive control; (2) the telemarketer has the ability to enter consumer information into the seller's sales or customer systems; or (3) knowledge by the seller that the telemarketer was violating the TCPA. *Id.* at ¶ 46. In addition to relying on agency guidance published well before the Court's final judgment in this case, Plaintiff fails to provide any evidence that satisfies the Ruling's examples. The Court previously considered Plaintiff's allegations that Defendants are vicariously liable for the text messages because the messages contained a link to an internet-landing page where Plaintiff

4

was able to purchase Defendants' product. (Doc. 18) at 5, 8-9, 18-20. Plaintiff makes no new allegations in his Motion for Reconsideration, and the Court is not persuaded that it has misapprehended the facts, Plaintiff's position, or the controlling law. *See Servants of the Paraclete*, 204 F.3d at 1012 (holding motions for reconsideration are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion"). Therefore, Plaintiff has not demonstrated grounds for relief by which the Court may alter or amend its judgment.

Additionally, Plaintiff fails to provide support for the Court to reconsider its denial of Plaintiff's request to conduct jurisdictional discovery. Plaintiff argues the Court "does not properly credit in Plaintiff's favor the evidence Plaintiff has now, including the evidence of *deception* by Defendants," such as "the great lengths Defendants go to, to make themselves difficult to identify and locate." (Doc. 20) at 8, n.5. As explained in the Court's Memorandum Opinion and Order, the Tenth Circuit has made clear that "a district court does not abuse its discretion when it denies a general, unsupported motion for jurisdictional discovery." *World Wide Ass'n of Specialty Programs & Sch. v. Houlahan*, 138 Fed. Appx. 50, 52 (10th Cir. 2005). Plaintiff attaches to his Motion for Reconsideration draft discovery asking for information about Defendants' knowledge of the text messages and who sent them. *See* (Docs. 20-3 to 20-6). However, Plaintiff does not provide any support that Defendants have such information or that personal jurisdiction over Defendants can be established through this discovery. Indeed, Plaintiff's witness, Mr. Hansen, states that in order to "opine about whether Defendants knew or could have known that the Nelums sale came from a text-message," he "would need to review all the internet-landing pages involved in the Nelums sale," and "would need to know who

5

controlled those pages whether it was the affiliate marketer involved or one or more of the Defendants themselves." (Doc. 20-1) at 5. This speculation is inadequate to allow jurisdictional discovery, especially in light of Defendants' affidavits denying participation in or authorization of the text messages. *See* (Doc. 4-1); *see also Arnold*, 2017 WL 3534996, at *4 ("Plaintiff's request for discovery illustrates the problem he has in demonstrating this Court's specific personal jurisdiction over Defendant BPCL, namely that Plaintiff does not know who called him … ."); *G.A. Resort Condo. Assoc., Inc. v. ILG, LLC*, 2020 WL 5536361, at *9 (D. Colo.) (denying jurisdictional discovery request because the plaintiff failed "to present a sufficient factual predicate to support its argument that personal jurisdiction can be established through additional discovery"); *Sur-Tec, Inc. v. CovertTrack Grp., Inc.*, 2014 WL 1304909, at *3 (D. Kan.) (denying motion for jurisdictional discovery because the plaintiff's allegations "are speculative and conclusory"); *cf. Miceli*, 2021 WL 1122658, at *1, 5 (allowing jurisdictional discovery because the plaintiff offered evidence suggesting the defendant's subsidiaries were acting as its agents when they made the calls at issue, such as identifying themselves as representing the defendant). Accordingly, the Court denies Plaintiff's Motion for Reconsideration of its denial of jurisdictional discovery.

IV.    **Conclusion**

For the reasons stated above, the Court DENIES Plaintiff's Motion for Reconsideration and Jurisdictional Discovery, (Doc. 20).

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent